REEVE and another vs. FRAKER, imp.

*Complaint.*

In an action on a promissory note, against the maker and indorsers, the complaint alleges several successive indorsements, but not one to the plaintiffs; but it alleges that plaintiffs "are now the lawful owners and holders." *Held* sufficient, on demurrer.

APPEAL from the County Court for *Winnebago* County.

The defendant *Fraker* appealed from an order overruling a demurrer to the complaint as not stating a cause of action in favor of the plaintiffs. The averments of the complaint are sufficiently stated in the opinion.

*Freeman & Allen*, for appellant:

The complaint shows title out of plaintiffs, and they must connect themselves with the title by suitable allegations before they can recover. 12 Wis., 376. The allegation that they are "the lawful owners and holders," is of a mere conclusion of law. Howard's Code, 696; 4 How. Pr. R., 202, 347; 10 id., 233.

*Jackson & Halsey*, for respondents, argued that it is improper to plead the evidence of the fact instead of the fact itself (*Allen v. Patterson*, 7 N. Y., 476; *Eno v. Woodworth*, 4 Coms., 249; *Vandenburgh v. Van Valkenburg*, 8 Barb., 217, and cases there cited; 1 Chitty's Pl., 215); that where title to property is the only question, there is no need of tracing the chain of title or pleading the evidence (*Oleson v. Merrill*, 20 Wis., 462;

8 Barb., 217; 3 id., 304;. 7 Hill, 126); that an averment that plaintiff is the owner of a note is an averment of an issuable fact (*Everit v. Bank*, 13 Wis., 421; *Brown v. Richardson*, 20 N. Y., 472; *Lain v. Shepardson*, 23 Wis., 224; *Manegold v. Dulau*, 30 id., 541); that the complaint is good under sec. 24, ch. 125, R. S. (*Veeder v. Town of Lima*, 11 Wis., 419; *Frankfort Bank v. Countryman*, id., 398); that if there are defects in the complaint, they are not such as to be reached by general demurrer (*Morse v. Gilman*, 16 Wis., 504, and 17 id., 504; *Smith v. Railway Co.*, 19 id., 326; *Richards v. Edick*, 17 Barb., 260; *Graham v. Camman*, 5 Duer, 697); and that a person to whom a promissory note payable to order has been sold and delivered before due, for a full and valuable consideration, may maintain an action thereon in his own name without alleging an endorsement of the note to him. *Billings v. Jane*, 11 Barb., 621; 10 B. & C., 122; 13 Mass., 305. They also cited further, in support of the complaint, *Griswold v. Laverty*, 3 Duer, 690, and 12 N. Y. Leg. Obs., 316; *Mitchell v. Hyde*, 12 How. Pr. R., 460; *N. Y. Marbled Iron Works v. Smith*, 4 Duer, 362; 1 Abb. Forms (ed. of 1864), 230, note K.

COLE, J. The objection taken to the complaint by the defendant *E. L. Fraker* is, that it fails to state a cause of action. The action is by the plaintiffs against him (and other parties) as an endorser of a promissory note. The complaint alleges the making of the note by the defendant Sullivan payable to the defendant *E. L. Fraker* or order, and the delivery of the same, and the several endorsements of the note — the last being to the Commercial Bank of Oshkosh; but no endorsement by the bank to the plaintiffs is averred. It is now said that the plaintiffs show no title, because there is no endorsement alleged by the bank to them. But the complaint further alleges that the note has not been paid; "*that the plaintiffs are now the lawful owners and holders of said note; and that the defendants are justly indebted to them thereon*" for the amount stated.

The question is, Must the plaintiffs trace their title by further alleging an endorsement to them by the bank, or is it sufficient to aver that they "are now the lawful owners and holders," without alleging such an endorsement? It seems to us the complaint is not bad on demurrer for omitting to allege an endorsement to the plaintiffs by the bank. If the plaintiffs are "the lawful owners and holders" of the note, they are entitled to sue upon it. It seems to us quite immaterial how they acquired the note, whether by sale and assignment or endorsement, so long as they own the note, and the money due upon it belongs to them. The defendant, if he chooses to do so, can put in issue their title and ownership, and compel them to establish these facts by evidence on the trial. No question is made that there is not a sufficient averment of demand of payment and notice of dishonor, to charge the demurrant as endorser.

We think the demurrer was properly overruled, and the order of the circuit court thereupon must be affirmed.

*By the Court.*— Order affirmed.