## ANDREWS vs. POWERS and wife.

ASSIGNMENT OF COLLATERAL SECURITIES: EVIDENCE: PLEADING AND PROOF. (1, 2) *Description, in bond, of collateral securities thereby assigned; when sufficient, though erroneous.* (3, 4) *When possession of instruments evidence of ownership.* (5, 6) *When mistake in description must be alleged and proven.* (7) *Variance.*

1. The bond of a railroad company, dated June 1, 1856, running to M. or bearer, for the payment of $500 on June 1, 1866, contained a clause assigning, as security therefor, to the holder of the bond, a note and mortgage which are described as "a certain note for $500 executed by S. P., together with a mortgage given collateral to and for the purpose of securing the payment of the same, dated the fifth day of April, 1857, payable in ten years from and after the first day of June, 1856, with interest at the rate of eight per cent. per annum, which said note and mortgage are hereto appended, and are transferable in connection with this bond, to any parties or purchasers whomsoever, and not otherwise." In foreclosure of a mortgage claimed to have been transferred to plaintiff with such bond and the note therein mentioned, plaintiff produced on the trial three papers attached together by a ribbon, viz.: (1) The bond in question. (2) A note corresponding to that described in the bond, except that it was payable "at the expiration of ten years from the first day of June, 1857." (3) A mortgage executed to secure said note, and expressly conditioned for the payment of $500 "in ten years from the first day of June, 1857." *Held*, that the assignment in the bond did not, by its terms, transfer to the holder of such bond *the note and mortgage produced in evidence.*

Andrews vs. Powers and wife.

2. Had the assignment stated the time when, and the volume and page where, the mortgage intended to be assigned was recorded, and did these agree with the mortgage in evidence, the court might say, perhaps, that the latter mortgage was identified with sufficient certainty, and was transferred by the terms of the bond, notwithstanding the discrepancies in the description. *Paine v. Benton*, 32 Wis., 491. But in this case the description does not show with sufficient certainty that the note and mortgage offered were intended by the assignment.

3. If an assignment of *this note and mortgage* to M. or bearer, or to the holder of the bond, had been shown, possession of the instruments would be *prima facie* evidence of ownership.

4. But the note being payable to the railroad company or order, and not being *indorsed*, and the note and mortgage not being assigned by the terms of the bond, mere possession of them is not sufficient evidence of plaintiff's ownership to sustain an action upon them.

5. If there is a mistake in the description of the note and mortgage found in the bond, and those offered in evidence were intended to be described therein, plaintiff (claiming ownership by virtue of such assignment) should aver and prove those facts. The case distinguished from *Reeve v. Fraker*, 32 Wis., 243, where there was a general averment, in the complaint, of plaintiff's ownership of the instruments sued upon.

6. As plaintiff claimed only under the assignment in the bond, and this did not show her to be the owner of the note and mortgage offered with it, and she refused to amend her complaint so as to aver a mistake in the assignment, the court did not err in dismissing the complaint.

7. The complaint describes the note and mortgage sued upon as they are described in the bond, but adds the time and place of the recording of the mortgage, being the same at which the one offered in evidence was recorded. Even if plaintiff's title to the instruments produced at the trial had been shown, *quære* whether the action should not still have been dismissed for the *variance* between averment and proof.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to foreclose a mortgage on real estate, given to secure the payment of a promissory note. The complaint contains a copy of a note signed by the defendant *Soldon Powers*, for $500 and eight per cent. interest, dated April 25, 1857, and payable to the Milwaukee & Beloit Railroad Company or order, on the first day of June, 1866, or, to use the language of the instrument, payable "at the expiration of *ten years from the first*

*day of June*, 1856." The interest was payable annually. The complaint describes the mortgage in the usual manner, stating the time and place of the recording thereof, and alleges that the same was given as collateral security for the payment of the note above described, and that such mortgage was "expressly conditioned that if the said defendant *Soldon Powers*, his heirs, executors, administrators or assigns, should well and truly pay or cause to be paid to the said Milwaukee & Beloit Railroad Company, or their assigns, the sum of five hundred dollars in *ten years from the first day of June*, 1856, and interest thereon at the rate of eight per cent. per annum, according to · the tenor and effect of the aforesaid note, * * * then said mortgage and said note should be null and void."

The averments of the complaint concerning the transfer of the note and mortgage to the original plaintiff (Jesse Andrews, who deceased after this action was commenced), and the only averments on the subject contained therein, are as follows :

"The plaintiff further shows and alleges, that afterwards the Milwaukee & Beloit Railroad Company made and executed its writing obligatory, sealed with its seal, subscribed by its president and countersigned by its secretary, whereby it bound itself to pay to Horatio Hill, or bearer, the sum of five hundred dollars, on the 1st day of June, 1866, at the Union Bank, in the city of New York, together with interest thereon from and after the 1st day of June, 1856, at the rate of eight per cent. per annum, payable on each first day of June and December semi-annually thereafter, on the presentation and surrender of the coupons annexed to said bond, at said bank; and in and by said bond assigned and transferred to the holder of said bond the note and mortgage aforementioned, which were annexed thereto, to secure the payment of said bond, with authority to the holder of said bond, in case of nonpayment of either principal or interest when due, to foreclose said mortgage, or to take such other legal remedy on said note and mortgage against said mortgagor, or against said company on said bond,

or on both, as should seem proper and expedient to the holder thereof.

"The plaintiff further shows and alleges, that in and by said coupons annexed to said bond, the said railroad company promised to pay to the holder, at the Union Bank in the city of New York, the said interest semi-annually, on the first day of June and December in each and every year, until the maturity of said bond.

"The plaintiff further shows and alleges, that the said Milwaukee & Beloit Railroad Company delivered the said bond, with said note and mortgage thereto attached, for a good and valuable consideration, to the said Horatio Hill therein named, who thereupon, and before the maturity of said note and mortgage, duly transferred the same to some person or persons unknown to this plaintiff; that subsequently the same came into the possession of and became the property of this plaintiff; that he purchased the same relying upon the security of said note and mortgage; and that the said note, mortgage and bond have been since about the 25th day of April, 1857, appended and attached together, and that the plaintiff is the lawful holder and owner of said bond, and of the coupons for the interest due on and since the 1st day of December, 1858, and to become due on said bond, and that he is the lawful holder of said note and mortgage as collateral security aforesaid for the payment of said bond and of the said coupons."

With certain exceptions, not affecting this case, the answer of the defendants contains a general denial of all the material allegations of the complaint.

On the trial of the action the plaintiff offered in evidence three papers attached together by a ribbon. These were, 1. A note corresponding with that set out in the complaint in all particulars, except that, by its terms, it became payable "at the expiration of ten years from the first day of June, 1857." 2. A mortgage precisely like the mortgage described in the complaint (and recorded as therein stated), except that the con-

dition therein contained is to pay the sum of five hundred dollars "in ten years from the first day of June, 1857." 3. A bond executed by said railroad company to Martin B. Medbury or bearer for the payment of $500 at the Union Bank in the city of New York on the first day of June, 1866. The bond has attached thereto interest coupons payable at the same place, and bears date June 1, 1856. The following is the assignment clause in said bond, by virtue of which the plaintiff claims to be owner of the note and mortgage: "And, for the better security of such payments being made to the holder hereof, the said company have assigned and transferred, and by these presents do assign and transfer, to the said holder of this bond, a certain note for the sum of five hundred dollars, executed by *Soldon Powers*, together with a mortgage given collateral to and for the purpose of securing the payment of the same, dated on the fifth day of April, 1857, payable in ten years from and after the first day of June, 1856, with interest at the rate of eight per cent. per annum, which said note and mortgage are hereto appended, and are transferable, in connection with this bond, to any parties or purchasers whomsoever, and not otherwise. And the said company do hereby authorize and empower the holder of this bond, at any time in case said company shall fail to perform any of the foregoing stipulations by neglecting to pay either principal or interest on this bond when the same shall become due, to proceed and foreclose the said mortgage, or take such other legal remedy on said note and mortgage against said mortgagor, or against this company on this present bond, or on both, as shall seem proper and expedient to said holder hereof."

The defendants objected generally to the admission of the papers thus offered in evidence; and specially to the note and mortgage, because there is a material variance between them and the note and mortgage described in the complaint. They also objected specially to the bond for the same reason, and for the further reason that the note and mortgage de-

scribed therein and assigned thereby vary materially from those appended to the bond and offered in evidence therewith. The court sustained the objections, and excluded the evidence, but offered to permit the plaintiff to amend her complaint, within twenty days, so that it would correspond with the instruments thus excluded. The plaintiff, by her counsel, thereupon declined to amend her complaint. The court refused to admit any further testimony, and gave judgment for the defendants dismissing the complaint with costs. The plaintiff appealed.

*Mariner, Smith & Ordway*, for appellant, contended that the mortgage and note offered in evidence, corresponding in date, amount and place of record, with the instruments declared on, were sufficiently identified, notwithstanding any slight discrepancies in other respects (*Paine v. Benton*, 32 Wis., 491); and that the mere production of them was sufficient to entitle the plaintiff to recover as owner, although he had incorrectly stated his claim of title in the pleadings. *Hays v. Lewis*, 17 Wis., 210; *Reeve v. Fraker*, 32 id., 243; *Bedell v. Carll*, 33 N. Y., 581. They further insisted that the note and mortgage, being annexed to the bond, when read, corrected any misstatements or misrecitals in the latter instrument, which became thereby a valid transfer or assignment of the former; and that the variance between the instruments was immaterial, and, at any rate, could not have been cured by an amendment of the complaint.

*Cottrill & Cary*, for respondent, argued that there was no evidence of plaintiff's title either to the note and mortgage declared upon or those offered in evidence; that the written description in the bond to which the note and mortgage offered in evidence were attached, should prevail over the mere ribbon appendage; and that the variances between pleading and proof were material, and not such as were cured by sec. 33, ch. 125, R. S. To the point that judgment should not be reversed to allow plaintiff to amend, when she had absolutely refused to

do so in the court below, they cited *Gill v. Rice*, 13 Wis., 549; *Gregory v. Hart*, 7 id., 532; *Warren v. Bean*, 6 id., 120; *Fox River Valley R. R. Co. v. Shoyer*, 7 id., 365.

LYON, J.   We think that the assignment contained in the bond does not; by its terms, transfer to the holder of the bond the note and mortgage offered in evidence.   It describes instruments corresponding in some respects with those thus offered, but differing therefrom in the material particulars of date and time of payment.   There is nothing in such description to show with any considerable degree of certainty that those securities were transferred, or intended to be, by such assignment.   Had the time when, and the volume and page where, the mortgage intended to be assigned was recorded, been stated in the assignment, and did these agree with the mortgage offered in evidence, we might say, perhaps, that the latter mortgage was thereby transferred, notwithstanding the discrepancies in the description thereof.   In such case it might be said, as was said in *Paine v. Benton*, 32 Wis., 491, that the points of correspondence were unmistakeable.   But we have here no such test or evidence of identity.   The fact that the note and mortgage, when offered in evidence, were attached to the bond in the manner stated, is not deemed important.   It seems to us that it was incumbent upon · the plaintiff to aver and prove that there is a mistake in the description of those instruments, in the assignment, and that those offered in evidence were intended to be described therein and transferred thereby.

But it is claimed on behalf of the plaintiff, that her possession of the note and mortgage is *prima facie* evidence that she owns them, and that it is not essential to a recovery thereon that she prove an assignment thereof by the payee and mortgagee.   We do not so understand the law.   The note is payable to the railroad company *or order*, and is not indorsed.   The law is, that no party, other than the payee, can recover upon the note, or obtain a judgment of foreclosure upon the mort

gage, without averring and proving a transfer thereof, in some form, to himself. Had the plaintiff proved an assignment of the securities to Medbury *or bearer*, or to the holder of the bond, then doubtless the possession thereof would have been *prima facie* evidence of ownership. But no such proof was made.

It should be observed that there is no general averment in the complaint that the plaintiff is the owner of the note and mortgage offered in evidence, but she claims to be such owner solely by virtue of the assignment contained in the bond, which, as we have seen, is not of itself sufficient to prove the fact. The omission to aver ownership distinguishes this case from that of *Reeve v. Fraker*, 32 Wis., 243. In that case the complaint contained a general averment of ownership, and it was held sufficient; but that the plaintiff must prove that averment (if it is denied) by other evidence than the mere possession of the note, is clearly indicated in the opinion prepared by Mr. Justice COLE. The necessity of averring ownership is asserted in *Hays v. Lewis*, 17 Wis., 210. *Bedell v. Carll*, 33 N. Y., 581, cited on behalf of the plaintiff, only holds that the possession of a promissory note payable to the order of the payee, *and indorsed in blank by him*, is *prima facie* evidence of ownership. No case to which we have been referred holds that the mere possession, by any person other than the payee, of an unindorsed promissory note payable to order, is *prima facie* evidence of ownership.

For the reasonable protection of the defendants against another action, by other parties, on the same securities, it seems to us that the complaint should aver that there was an error in the assignment, and that the note and mortgage offered in evidence were intended to be described therein and transferred thereby; and that such averments should be proved.

The foregoing views are decisive of this case, and necessarily result in the affirmance of the judgment of the circuit court. The plaintiff having refused to make the necessary amendment

to her complaint, the court properly rejected the offered testimony, and dismissed her complaint.

It becomes unnecessary, therefore, to determine the effect of the variance between the note and mortgage described in the complaint, and those produced on the trial.   It may properly be observed, however, that we perceive no very good reason why in this case an exception should be made to the general rule of evidence which requires that the proof shall correspond with the averment.    We should hesitate to hold that the circuit court erred in applying the rule in this case.

*By the Court.* — Judgment affirmed.