ELISHA HADDEN v. JOHN L. RODKEY.

PROMISSORY NOTES, *Payable to "Order;" What Defenses Allowed, if Note is not "Indorsed."* Where H. executes a promissory note payable to S. or order, and afterward R. commences an action thereon against H., alleging that he (R.) purchased said note before due for a valuable consideration, and that he is now the owner and holder thereof, but does not allege or show in his petition or elsewhere that said note was ever indorsed, or was ever transferred by indorsement, and the defendant sets up in his answer, and afterward proves on trial, that said note was given for usurious interest, *held*, that said defendant set up and proved a good defense to the note; that a note payable to order can be transferred freed from all equities only by indorsement, and that a transferee of such note must allege and prove that the note was transferred by indorsement, if he desires to avoid such equities or defenses as may be set up against it.

*Error from Sumner District Court.*

THE only question here, and all necessary facts, will be found fully stated in the opinion. *Rodkey* had judgment at the April Term 1875, and *Hadden* brings the case here.

*John G. Tucker*, for plaintiff in error, contended that the mere transfer by delivery only, of negotiable paper payable to order, does not prevent the maker from setting up any defense that he might have pleaded in an action brought by the payee; 11 Kas. 464; 100 Mass. 18; 50 N. H. 474; and as the note in controversy was not "indorsed" by the payee, it was competent to show by parol, that the consideration was an unlawful one; 1 Greenl. on Ev., § 284; 8 R. I. 389.

*J. Wade McDonald*, for defendant in error, submitted, that the only issues presented by the record were—1st, was the note executed by Hadden to Sanders, for a consideration wholly or in part usurious? and if so, then, 2d, had Rodkey notice of such fact at or prior to the date of his purchase of said note? The trial court very properly required Hadden to bring such notice home to Rodkey, and upon his failure to do so, the demurrer to his evidence was properly sustained.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on two promissory notes, and a mortgage. The only questions however involved in the case are such as arise in connection with the second note set forth in the plaintiff's petition. This note was given by Elisha Hadden to Wm. D. Sanders for the sum of $72, and made payable to said Sanders or order. The action was commenced by John L. Rodkey, defendant in error, plaintiff below. Rodkey alleged in his petition below, among other things, that, "before the note last aforesaid became due and payable, the plaintiff, for a valuable and lawful consideration, became the owner and holder of the same, * * * and is now the owner and holder of said note." But he did not allege in his petition or elsewhere that the note had ever been *indorsed* to himself, or to any one else, and the copy of the note given by him does not show that it had ever been indorsed. The defendant below in his answer admits the execution of the note, but does not admit or deny that the plaintiff below was the owner or holder thereof. In legal contemplation therefore the defendant admitted that the plaintiff was the owner and holder of the note, but he did not admit that the note had ever been *indorsed*. The defendant also alleged in his answer, among other things, that said note was given wholly and entirely for usurious interest, and that the plaintiff had full knowledge of such fact. The plaintiff in reply to the answer filed a general denial. Upon these pleadings the parties proceeded to trial, before a jury.

The plaintiff in his own behalf testified that he purchased said note of W. C. Woodman without any knowledge that it had been given for usurious interest; but when he so purchased it, whether before or after maturity, or what authority Woodman had to sell it, or to transfer it, the evidence does not show. There was no evidence introduced or offered tending directly to show whether said note had ever been indorsed or not. The circumstances however would seem to indicate that the note had not been indorsed. The plaintiff never saw the note. The defendant's evidence showed that said note was given wholly for usurious interest, but there was no evidence introduced or offered tending to show that the plaintiff had any knowledge of such fact. The defendant rested, and the plaintiff then demurred to the defendant's evidence. The court below sustained the demurrer, and discharged the jury, and then rendered judgment in favor of the plaintiff and against the defendant for the full amount of said note. Was this ruling of the court below erroneous? We think it was. For, while under the pleadings, and the evidence, we must assume that the beneficial interest in the note was in some way transferred from the payee, Sanders, by the third person, Woodman, to the plaintiff Rodkey, yet we cannot assume that the note was transferred by indorsement so as to render it free from all outstanding equities which might be set up against it. There is no pretense that the record shows that the note was transferred by indorsement. And unless it was so transferred before due, the defendant has a right to set up his defense of usury, or any other defense which he may have. (*McCrum v. Corby,* 11 Kas. 465, 470.) If said note was in fact indorsed, the plaintiff should have alleged it either in his petition, as one of the facts constituting his cause of action, and giving such cause of action a more extended and comprehensive scope, or in his reply, as one of the facts defeating any previously existing defense set up by the defendant. The indorsement of the note is not a fact constituting any part of the defendant's defense, and it has no connection therewith. The only connec-

tion it has with the case is with the plaintiff's cause of action, being in fact the starting point, the foundation thereof, and enlarging and extending its operation and effectiveness. Therefore, if the plaintiff in such a case should desire the benefit that an indorsement of the note would give him, he should plead and prove such indorsement. Otherwise the defendant may set up and prove any defense that he may have to the note.

The judgment of the court below must be reversed, and cause remanded for a new trial.

All the Justices concurring.