ROBERT H. ECTON v. ISRAEL G. HARLAN, *et al.*

1. NEW TRIAL; *Error in Assessment of Amount Due; Verdict too Small.*
   In an action on a note and mortgage, where the jury erroneously reduce
   the amount of the verdict that should be rendered, because of a sup-
   posed partial payment of the note resulting from the assignment of a
   certain contract, and where there was no evidence introduced on the
   trial tending to show that said assignment was intended as a payment,
   or a partial payment of the note, but on the contrary the evidence
   showed that said assignment was intended merely as a collateral security
   for the note, the trial court errs in overruling a motion made by plain-
   tiff to set aside the verdict and to grant a new trial.

2. INDORSEMENT OF NOTE; *Indorsee; Presumption; Burden of Proof.* In
   an action on a note and mortgage, where it is admitted that the plain-
   tiff is the holder of the note, which is indorsed in blank by the payee
   thereof, the law will presume, in the absence of any evidence to the
   contrary, that the plaintiff is an innocent and *bona fide* holder thereof
   for value, and that it was indorsed to him before due; and it will de-
   volve upon the defendant to show, if he so claims, that the note was
   fraudulently obtained, or that it was executed without sufficient consid-
   eration, or that it has been paid.

*Error from Crawford District Court.*

ACTION, by *Ecton*, upon a promissory note, and to foreclose
a mortgage. Plaintiff claimed $2,570, with interest. Trial
at September Term 1876 of the district court, A. A. H., judge
*pro tem.*, presiding. The defense interposed, and the pro-
ceedings, sufficiently appear from the subjoined opinion. The
jury returned a verdict for plaintiff for $250 — whereupon
plaintiff moved to set such verdict aside, and for a new trial,
"for error in the assessment of the amount of the recovery,
which amount was entirely too small," and "for error of law
occurring at the trial, and excepted to by the plaintiff at the
time." Motion overruled, and judgment on the verdict.
The plaintiff brings the case here.

*John T. Voss*, for plaintiff.

*B. F. Pursel*, for defendants.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a note and mortgage. The note was executed by Israel G. Harlan and his wife Mary, to Lawson C. Holmes, dated 10th November 1871, for $2,570, due in one year, with interest after maturity at the rate of ten per cent. per annum, and was indorsed in blank by said Holmes. The defendants, Harlan and wife, set up the defenses, that the note was procured from them by fraud, and without sufficient consideration; that it was paid; and that the plaintiff Ecton had full notice of these facts when the note was assigned to him. A trial was had before the court and a jury, and a verdict and judgment were rendered in favor of the plaintiff and against the defendants for $250. The plaintiff now brings the case to this court for review.

The note was given for a stock of drugs and medicines; and the evidence would seem to show that Holmes did, to some extent, as alleged, overreach the defendants, selling to them more articles than he owned, and for a larger price than they were worth. But still the articles that he actually owned and sold to the defendants were worth vastly more than the amount of the verdict and judgment which plaintiff obtained. There was no evidence tending to show that the note was paid, or partially paid; and no evidence tending to show that the plaintiff had notice of the defendants' equities or defenses against the note. The supposed payment was the assignment by Harlan to Holmes of a certain contract between Harlan and the Missouri River, Fort Scott & Gulf Railroad Company for the purchase and sale of a certain eighty-acre piece of land known as the "Joy Land." This assignment was made at the time that the note and mortgage were given. The mortgage was on another piece of land. The witness Sayres testified, that during the negotiations "Holmes told Harlan he did not consider the mortgage on the land sufficient security. Harlan then told him of the eighty acres

of Joy land; and he said he would take that also." Harlan himself testified:

"I gave Holmes a mortgage on a quarter-section of the land, and assigned a contract for eighty acres.

"*Question:* What is the value of the eighty acres? *Answer:* The value of the land would be, if deeded, about $12.50 per acre.

"This was a contract from the Missouri River, Fort Scott & Gulf Railroad Company, at $5.50 per acre. Don't remember as I had paid any money on the contract. Think I had not. This was given as collateral security on the note."

This is all the evidence there was upon this subject. And from this evidence, it will be seen, that this contract was assigned at the time the note was given, not as a payment on the note, but as collateral security for the note. No particular value was fixed upon the contract at the time it was assigned; and therefore how much it would have paid, or what its value as a security was, cannot now be ascertained very accurately; but, unless the land was worth more than $5.50 per acre, it would not have paid much, or secured much; for just that amount (which was the whole of the original contract price for the land,) was still due and unpaid against the land. From the entire evidence in the case, the charge, and suggestions of the court, and the verdict of the jury, we should judge that the jury probably deducted $1,000 from the note because of the supposed payment resulting from said assignment. The plaintiff also objected to the evidence concerning said assignment, for the further reason, that the evidence was parol, while both the contract and the assignment were in writing.

With reference to notice to the plaintiff of the defendant's equities, we would say, that, as it is admitted that the plaintiff was the holder of the note, indorsed as aforesaid, the law will presume, in the absence of anything to the contrary, that he was an innocent and *bona fide* holder thereof for value, and that it was indorsed to him before due. (*Rahm v. Bridge Co.*, 16 Kas. 530.) These facts were also proved affirmatively by the plaintiff. There was some evidence

however, and a few circumstances in the case, tending to throw suspicion upon the plaintiff's innocence and good faith, but still they were not sufficient to prove *prima facie* that he had notice, or to overcome the presumption of law in his favor that he did not have notice. But even if the plaintiff were not an innocent holder of the note, and even if the defendant had a right, as against him, to interpose every defense that he could have had against the note if it had remained in the hands of Holmes, still, the plaintiff ought to have recovered a much larger judgment than he did recover in this case. The reduction of the amount below what it ought to have been was made by the jury without evidence; and for that reason the court below should have set aside the verdict and granted a new trial, as asked by the plaintiff.

The judgment of the court below will be reversed, and cause remanded for a new trial.

All the Justices concurring.