## THE FIRST NATIONAL BANK OF FORT SCOTT v. CHARLES H. ELLIOTT.

NOTE — *Indorsement — Title — Action — Pleading.* Where, in an action by an indorsee of a negotiable promissory note, payable to order, the plaintiff declares on such note by setting out a copy of the same, with all the indorsements, and alleges ownership, and the indorsements are without date, the presumption of the law is, that such note was transferred before maturity, and that plaintiff is the *bona fide* holder for value; that the failure of the plaintiff to set out the particular manner in which the note was transferred to it would not entitle the defendant to prove an equitable defense to such note.

The setting out of a copy of all the indorsements upon a note, coupled with the allegation of title in the plaintiff, is sufficient, under the code, to show that the title was transferred by indorsement.

*Error from Cowley District Court.*

THE facts are sufficiently stated in the opinion. Judgment for the defendant *Elliott*, at the December term, 1887. The plaintiff *Bank* brings the case to this court.

*Peckham & Henderson*, for plaintiff in error.

*J. F. McMullen*, for defendant in error.

Opinion by GREEN, C.: This case was a consolidation of two actions commenced by the First National Bank of Fort Scott against Charles H. Elliott, in the district court of Cowley county, upon two notes made by him to the order of the Eureka Bank, and in its possession as indorsee. Each note was dated October 7, 1884, one being for $1,000, and due in 365 days after date, and another for $825, due in 540 days after date. The allegations of the petitions were that the defendant was indebted to the plaintiff upon certain notes, which were set out in the petition in full, with all indorsements thereon. The $1,000 note contained the following indorsements: "Without recourse.— EDWIN TUCKER, Cashier. J. D. HILL." The $825 note was indorsed as follows: "JOHN BERRY. Without recourse.—EDWIN TUCKER, Cashier. J. D. HILL." The plaintiff further alleged that it was the owner and holder of each of the notes, and entitled to the proceeds thereof, and then stated the amount due upon each note. The defendant interposed the defense that, while the notes on their face were made payable to the Eureka Bank, the maker executed and delivered them to John Berry as part payment of the purchase-price of a farm; that the notes were not made for the benefit of the bank, or delivered to it, but were in fact made for the benefit of Berry and delivered to him; that Berry was indebted to the defendant in a sum in excess of the amount due upon the notes; that such indebtedness was a proper offset to the notes in the hands of Berry; and that the plaintiff and its immediate indorser, J. D. Hill,

3—46 KAS.

had full knowledge and due notice of all of the equities exist-
ing between the maker and Berry at the times, respectively,
the notes came into the hands of Hill and the plaintiff; that
the plaintiff was not the real owner of the notes; and that
they were each the property of J. D. Hill. This portion of
the defendant's answer was duly verified. A trial was had,
and a verdict and judgment rendered for the defendant.

The bank brings the case to this court, and the first error
assigned is the failure of the court to instruct the jury to find
for the plaintiff. It appeared in the progress of the trial,
from the evidence of the cashier of the plaintiff, that the
notes were discounted and received from J. D. Hill on the
23d day of September, 1885; that the notes were paid for by
placing to the credit of Hill, as a depositor of the bank, the
sum of $1,825; that the bank at the time had no knowledge
of the business transactions between Elliott and Berry. The
defendant below was permitted, over the objection of the
plaintiff, to give evidence in his own behalf of a state of ac-
counts between himself and John Berry, from which it ap-
peared that the latter was indebted to the defendant in a sum
greater than the amount due on the two notes sued on. One
other witness was called by the defendant, apparently for the
purpose of showing that J. D. Hill, plaintiff's immediate in-
dorser, was the owner of the $1,000 note. Upon this state
of facts, the plaintiff in error contends that, under the rule
laid down in the case of *Mann v. Second National Bank*, 34
Kas. 746, this was an insufficient defense. The doctrine stated
in that case was this:

"Preliminarily we would state that the mere possession of
a negotiable instrument, payable to order and properly in-
dorsed, is *prima facie* evidence that the holder is the owner
thereof; that he acquired the same in good faith, for full value,
in the usual course of business, before maturity, without notice
of any circumstances that would impeach its validity, and that
he is entitled to recover, as against any of the antecedent par-
ties. (1 Daniel. Neg. Inst., § 812; *Ecton v. Harlan*, 20 Kas. 452;
*Lyon v. Martin*, 31 id. 411; *Rahm v. Bridge Manufactory*, 16
id. 530.) Where a maker of such an instrument, so indorsed

and held, claims that the holder of the instrument is not a holder for value, it devolves upon the maker to prove the same."

The defendant in error insists that, under a former decision of this court, in the case of *Hadden v. Rodkey*, 17 Kas. 429, the pleadings in this case permitted him to prove the equitable defenses and set-offs in the answer, claiming that the plaintiff must allege and prove that the notes were transferred by indorsement, if he desired to avoid such equities or defenses as might be pleaded; that the allegation of copies of the indorsements on the notes is not sufficient, the contention being that there should be apt allegations of the manner in which the notes were transferred by indorsement. The petitions set out copies of the notes sued upon and the indorsements, alleging that there were no other indorsements thereon. It was further alleged that the plaintiff was the owner and holder of the notes, and entitled to the proceeds. This we think sufficient to show that the notes were transferred by indorsement to the plaintiff. The rule, as we understand it, is, that if suit be brought by an indorsee, and the note is payable to order, the plaintiff should allege the indorsements and state the facts that give him title. It has been held to be unnecessary to allege title through all of the intermediate indorsements; but title by indorsement to himself is sufficient, and this is what the petitions in effect do in this case. (Bliss, Code Pl., §§ 232–235; *Reeve v. Fraker*, 32 Wis. 243. It is elementary that when negotiable paper, payable to order, is indorsed and delivered to the indorsee, the legal title passes to him, and he may maintain an action thereon. The pleadings show that these notes were indorsed; that the plaintiff was the owner, and there was so much due it upon the obligations. Section 123 of the code provides that, in an action of this kind, it is sufficient for a party to give a copy of the instrument, with all the credits and indorsements thereon, and state that there is due him on such instrument, from the adverse party, a specified sum, which he claims, with interest. It would seem that under this section, where the indorsements are alleged,

and also title, there need be no express allegation of the man-
ner of the indorsement by which the notes were transferred
to the plaintiff. The defendant could not have been preju-
diced or surprised by an omission to expressly allege the par-
ticular method or manner of the indorsements by which the
title was transferred. It was manifest from the pleadings
that such transfers were by indorsement. The notes in ques-
tion seemed to have been properly indorsed by the payee, and,
there being no date, the presumption of law is, that they were
indorsed before maturity, and were not, therefore, subject to
the defenses claimed by the defendant below. (*Lyon v. Martin,*
31 Kas. 411.) The same presumption would attach to the
intermediate indorsee, Hill, from whom the plaintiff purchased
the notes, and the fact that the bank gave him credit for the
proceeds of the notes as a depositor, would give it such an in-
terest as to entitle it to maintain an action against the maker.
There was no competent evidence to show that Hill took the
notes subject to the infirmities claimed. The purchaser of a
negotiable instrument from a *bona fide* holder acquires as good
a title as the innocent holder had, and may recover thereon,
although he, too, may have had notice of such infirmities
in the note when he took it. (*Bodley v. National Bank,* 38
Kas. 59.)

The trial court should have instructed the jury to return a
verdict for the plaintiff.

We recommend a reversal of the judgment.

By the Court: It is so ordered.

All the Justices concurring.