## H. E. WALTER v. WILLIAM LOGAN *et al.*

### No. 12,327. (65 Pac. 225.)

63 193
64 359
63 193
69 851

#### SYLLABUS BY THE COURT.

NOTE AND MORTGAGE— *Unauthorized Payment to Payee—Notice of Transfer.* When a non-negotiable note and interest-bearing coupons are payable at a particular place, and the payee thereof assigns them and the real-estate mortgage securing the same before maturity, and thereafter the maker pays the interest to the payee at a place other than that specified in the note and coupons, receiving from the payee each time the paid coupon bearing an indorsement showing that the payee is not the owner of the coupon and that it had not been indorsed to him for collection, but had been paid and assigned to him, and it is also shown on the trial that the holder of the coupons had, before maturity, caused each one to be forwarded to the place of payment, where it had been paid, and that he had no knowledge that the payee was collecting or remitting the interest and had not authorized him to do so, *held*, that such unauthorized payment of the principal note to the payee will not discharge the liability of the maker to the owner and holder of such note.

Error from Cherokee district court; A. H. SKIDMORE, judge. Opinion filed June 8, 1901. Division one. Reversed.

#### STATEMENT.

PLAINTIFF in error commenced this action in the district court of Cherokee county to recover a judgment and foreclose a mortgage against William Logan

13—63 KAN.

and Matilda Logan, the makers thereof. Oliver P. Hill and F. S. Hill, the grantees of the Logans, and W. J. Neill, the payee therein, were made defendants. Defendants Hill and Hill answered, admitting that the Logans executed the mortgage and delivered it to the Western Farm Mortgage Company, of Lawrence, Kan., and alleging that said note and mortgage were payable to W. J. Neill, but were really for the use and benefit of the Western Farm Mortgage Company, and taken in the name of Neill for convenience; that while the Logans were the owners of the land mortgaged they paid the interest, as it became due, to the Western Farm Mortgage Company without notice, either actual or constructive, that the plaintiff in error was the owner of the note and mortgage; that after the land was transferred to the Hills they paid the interest on said mortgage, as it became due, to the Western Farm Mortgage Company, of Lawrence, Kan., or to the Western Farm Mortgage Trust Company, or the Western Farm Mortgage Trust Company, of Denver, Colo., each of which was the successor to the other in the order named, succeeding to all the rights, privileges and assets of its immediate predecessor, and for the purposes of this case we shall treat this corporation as the payee; that prior to the payment of each interest coupon a notice was sent from the office of one of these companies to the makers, or to the Hills, notifying them of the approaching maturity of said coupons and demanding a remittance; that prior to the maturity of the principal note and the last coupon the Hills received such notice from the Western Farm Mortgage and Trust Company of Denver, to which they responded by remitting the full amount of the principal and interest up to that date.

The mortgage, which was introduced in evidence, bears the following assignment:

"For value received, I hereby assign the within mortgage deed, together with the debt thereby secured, to H. E. Walter.                          W. J. NEILL.
"Lawrence, Kan., December 31, 1886.
"In the presence of W. S. Wood."

The note has the following indorsement:

"For value received, I hereby assign and transfer the within bond, together with all my right, title and interest to the mortgage deed securing the same, to H. E. Walter.                          W. J. NEILL."

The coupons which were paid by the mortgagor and his grantee, when returned to them, were indorsed on the face as follows:

"Guaranteed by the Western Farm Mortgage Company.—C. W. GILLETT, Treasurer."

"Western Farm Mortgage Trust Company, Lawrence, Kan.—PAID."

On the back of said coupons was the following indorsement:

"Pay to the order of H. E. Walter.—W. J. NEILL."

"H. E. WALTER."

"Collect for account of Manufacturers' National Bank, Lewiston, Me.—ADDISON SMALL, Cashier."

"Hanover National Bank, N. Y.—PAID."

"Pay the Western Farm Mortgage Trust Company, with recourse.   Third National Bank, N. Y. —H. CHAPIN, JR., Cashier."

On the trial, the deposition of Charles T. Walter was read in evidence, the substantial and material parts of which were that from 1885 to 1893 he resided and did business at St. Johnsbury, Vt., and while there and during a part of that time he acted as agent

for his brother in purchasing for him real-estate loans; that he purchased the note and mortgage in question for his brother from William S. Streeter, cashier of the Merchants' National Bank, at St. Johnsbury, Vt., who was then acting as a general broker in Western mortgages; that he made the purchase between October 1, 1886, and April 1, 1887; that he had no other dealings or correspondence with reference thereto with any one except Streeter, and that he had no knowledge or information concerning the note and mortgage except what appeared on its face; that he collected all the interest coupons that had been paid by depositing them in the Merchants' National Bank, at St. Johnsbury, Vt., for collection; that they were regularly and duly collected, and placed to his credit in the bank; that his brother, H. E. Walter, the owner of the mortgage, knew nothing whatever about the transaction; that when the last coupon and note became due he indorsed them to the Merchants' National Bank, to be by it forwarded to the Third National Bank of New York for collection; that neither was paid, and that he then caused a notice to be sent to the makers of the note and mortgage, which was returned uncalled for, and also notified the guarantors, the Western Farm Mortgage Company, of Lawrence, Kan.; that the letter to the latter was addressed and sent to M. V. B. Bull & Co., of Albany, N. Y., the Eastern agents, at that time, as he understood, of the Western Farm Mortgage Company, and payment of the coupon was received from Bull & Co.; that his brother, H. E. Walter, had always been the owner and holder of the note and mortgage since he purchased it from Streeter; that he never, for himself or for his brother, appointed the Western Farm Mortgage Company, or either of

its successors, or said Neill, agent to collect, renew or
in any way arrange the said defaulted mortgage, inter-
est, or bond.   In the collection of the coupons as they
become due, he testified that he had no information
as to who paid them, but supposed the borrowers,
Logan and Logan, had done so.

Upon the trial the jury found for the defendants,
upon which finding and verdict the court rendered a
judgment.   The plaintiff in error filed his motion for
a new trial, which was overruled.

*A. S. Dennison*, and *W. R. Cowley*, for plaintiff in
error.

*Forkner & Forkner*, and *E. M. Tracewell*, for defend-
ants in error.

The opinion of the court was delivered by

GREENE, J. : There was no allegation in the answer
of either Hill or Logan that the Western Farm Mort-
gage Company, or either of its successors, was the
agent of Walter, the owner and holder of the note
and mortgage, nor was there any evidence produced
on the trial tending to establish such fact.   The in-
terest coupons, which were paid by Logan and by
Hill to the Western Farm Mortgage Company and its
successors, and returned to them, brought home to
them knowledge that neither Neill nor the Western
Farm Mortgage Company, or either of its successors,
was the owner or holder of said note and mortgage.
The testimony conclusively showed that neither
Walter, the owner of the note and mortgage, nor his
brother, who was his agent in the transaction, ever
authorized the Western Farm Mortgage Company, or
its successors, to collect for the plaintiff in error
either the interest or principal of said note, and it

conclusively showed that neither of them had any information that the Western Farm Mortgage Company, or its successors, were doing so. The interest and principal were payable at the Third National Bank of New York. Charles T. Walter, who was the agent of his brother, the plaintiff in error, deposited the interest coupons, as they became due, in his own bank at St. Johnsbury, Vt., for collection. These interest coupons were forwarded in the regular course of business to the Third National Bank of New York, and by it paid and the amount credited to plaintiff in error.

We are unable to see, after a careful examination of the evidence, how it was possible for the jury to find that the Western Farm Mortgage Company, or its successors, were the agents of plaintiff in error for the collection of this note. Before it can be held that a payment to the Western Farm Mortgage Company, or its successors, discharged the liabilities, this fact must be fairly deducible or inferable from the evidence. Upon this question the verdict of the jury was not only against the weight of the evidence, but it was not supported by any evidence. The court should have granted the plaintiff in error a new trial.

There are some other questions raised by the plaintiff in error, but in the view that we have taken of this case they become immaterial.

The judgment of the court below will be reversed and the cause remanded.

JOHNSTON, CUNNINGHAM, ELLIS, JJ., concurring.