HENRY LADD AND ANOTHER *v.* H. W. CAMPBELL AND OTHERS.

[IN CHANCERY.]

*Mortgage. Assignment. Innocent Purchaser. Answer. Exception.*

1. The rights of an innocent purchaser of real estate are superior to those of an assignee who fails to have the assignment of the mortgage properly recorded, the mortgagee discharging the mortgage, and there being nothing to put the purchaser on inquiry.
2. The answer was not excepted to, and although inartificially drawn, it is held sufficient.

PETITION to foreclose a mortgage. Heard on petition, answers, replication, and proofs, September Term, 1881. ROYCE, Chancellor, decreed a foreclosure.

*H. S. Royce* and *E. H. Powell*, for the defendants.

The mortgage was discharged. The assignment was not recorded; and the case shows that the defendants had no knowledge of the petitioners' claim, and that there was nothing to put them on inquiry. The defendants are *bona-fide* purchasers of the property. The petitioners are not entitled to a decree. *Torry* v. *Deavitt*, 53 Vt. 331; *Gregory* v. *Savage*, 32 Conn. 251; 1 Jones Mort. 472, 814, 820; *Decker* v. *Boice*, 83 N. Y. 215; 87 N. Y. 446; *Ackle* v. *Ackle*, 6 Penn. St. 228; *Storrs* v. *Baker*, 6 Johns. Ch. 166; *Town* v. *Needham*, 3 Paige, 545; 1 Hill. Mort. 395; 2 Ib. 305.

*Stephen E. Royce*, for the petitioners.

The answer is defective in that it does not allege that the defendants paid a valuable consideration.

*Loomis* v. *Fay*, 24 Vt. 240; *McDonald* v. *McDonald*, 16

Ladd *v.* Campbell.

Vt. 630; *Blaisdell* v. *Bowers*, 40 Vt. 126; 2 Lead. Cas. Eq. part 1, 77, 93, 112; *Willoughby* v. *Willoughby*, 1 Term, 763; Story Eq. 754, n. 2, 805; 1 Dan. Ch. Pl. & Pr. 677; Bea. Pl. Eq.; *Jewett* v. *Palmer*, 7 Johns, Ch. 65; *Maitland* v. *Wilson*, 3 Atk. 814. It is not alleged that the defendants had no notice. *Jones* v. *Thomas*, 3 P. W. 243; *Story* v. *Lord Windsor*, 2 Atk. 630. See 2 Lead. Cas. Eq. 115; 1 Dan. Ch. Pl. & Pr. 611, 677; 2 Story Eq. 1502; *Boone* v. *Chilles*, 10 Pet. 177; *Tompkins* v. *Anthon*, 4 Sandf. Ch. 97; *Frost* v. *Beekman*, 1 Johns. Ch. 288; *Dunning* v. *Smith*, 3 Johns. Ch. 345.

Previous to defendant's taking their deed of the second half, Jan. 16, 1878, the record would have shown them that H. W. Campbell mortgaged it to John Campbell on the same day that he conveyed the first half to them, *conditioned for the payment of the same notes* described in his first mortgage, with the exception of the first note, and consequently that said notes were still unpaid. *Murray* v. *Finster*, 2 Johns. Ch. 155; *Wormley* v. *Wormley*, 8 Wheat. 421. The record was sufficient to put the defendants on inquiry. *Jackson* v. *Rowe* 2 S. & S. 472; *Hamilton* v. *Lyster*, 7 Ir. Eq. 560; *Savings Bank* v. *National Bank*, 53 Vt. 82; 1 Jones Mort. ss. 474, 814; *Catherwood* v. *Burrows*, 7 Rep. 492; *Vandercrook* v. *Baker*, 48 Iowa, 199; *Dixon* v. *Hunter*, 57 Ind. 278.

The opinion of the court was delivered by

TAFT, J. The defendants, Nelson and Bradish, allege in their answer that the mortgage sought to be foreclosed in these proceedings was legally discharged by the mortgagee at the time of their purchase of the premises; that they paid for the same at the time of the conveyance; that the purchase was made in good faith and the property paid for before any notice to them of the rights of the petitioners. When John Campbell transferred the notes in question to the petitioner Ladd, he made no transfer of the mortgage deed, and afterwards when the defendants, Nelson and Bradish, purchased the premises, or soon after, discharged the mortgage. The answers are inartificially drawn, are not as

full as a careful pleader would have made them; but they were not excepted to, and we treat them as sufficient.

Upon an examination of the testimony we are satisfied that when Nelson and Bradish purchased the premises, they did so relying in good faith upon the promise that the mortgage to John Campbell should be discharged by him, and without notice of the rights of the petitioners, and that they paid for the premises before they had notice of such rights, or had learned any facts sufficient to put them upon inquiry. We find from the evidence that the premises were paid for *in money*. Bradish testified that they paid for them at the time, and speaks of the *purchase money;* he testifies that they paid the consideration at the time the deed of each undivided half was delivered; that the *sums of money* so paid were more than the market value of the property. Sherman testified that of the money that he paid, that there was one check for three thousand dollars, and used the words, "before I paid *this money*." There was no cross-examination of the witnesses upon this question of whether the payments were made in money or otherwise, and no evidence adduced by the petitioners in respect thereto. The question arises as to the effect to be given the discharge of the mortgage by John Campbell. In *Torrey* v. *Deavitt*, 53 Vt. 331, it was held that where the assignee of a mortgage debt failed to take, and have placed on record, an assignment of the mortgage deed he placed power in the hands of the original mortgagee to commit a fraud upon innocent parties, and that his rights must be postponed to those subsequently acquired by such innocent parties in good faith and without notice of the assignee's antecedent rights in the premises. The facts in this case bring it clearly within that rule. That the mortgage was not discharged until some days after the premises were deeded should not effect the case, as the proof is full, that the trade was made upon the distinct understanding that it should be discharged; and it was so done in pursuance of that understanding. When the arrangement was made that the mortgagee of record should discharge the mortgage, and the defendants acted in good faith, with no notice

of the petitioners' rights, there was no necessity of further inquiries. The defendants therefore are entitled to a decree without reference to the other questions discussed.

The decree of the Court of Chancery is reversed and cause remanded with a mandate that the bill be dismissed.