ANTHONY D. WARREN v. TIMOTHY GRUWELL, PRISCILLA GRUWELL, AND E. M. CLARK.

No. 110.

1. PROMISSORY NOTE — *incorporating stipulations of mortgage in, destroys negotiability.*  A note containing this provision : " And if default be made in the payment of any interest note or any portion thereof, after the same becomes due and payable, then said principal note shall, at the option of the legal holder thereof, become at once due and payable, without further notice, and be collectible as stipulated in the mortgage made to secure this note," is not negotiable paper.

2. ——— "*I hereby assign and transfer,*" *etc., not commercial indorsement and destroys negotiability.* · The following assignment renders a note non-negotiable : " For value received, I hereby assign and transfer the within bond and coupons thereto annexed, together with all my interest in and rights under the mortgage securing the same, to A. D. Warren, without recourse. James H. Tallman."

3. ——— *payment, without notice of assignment, of non-negotiable, to original payee good defense.*  Where a non-negotiable note secured by mortgage is paid by the maker to the payee or his agent, without notice of its assignment, said payment is a good defense to a suit to foreclose said mortgage.

Error from Phillips District Court.    Hon. A. C. T. Geiger, Judge.    Opinion filed March 20, 1897.    *Affirmed.*

In November, 1885, Timothy Gruwell and Priscilla Gruwell, his wife, through the agency of the Nebraska and Kansas Farm Loan Company, negotiated a loan for five hundred dollars.    In accordance with a previous arrangement, the notes and mortgage were made payable to James H. Tallman, a member of the firm of Moore & Co., of Hartford, Conn.    Soon after the consummation of this loan, Tallman sold and assigned the notes and mortgage to Anthony D. Warren, the plaintiff herein, who was a resident of Connecticut.    The loan company collected the interest coupons as they respectively became due and sent the money to Moore & Co., of Hartford, who paid the same to Warren upon his surrender of the coupons for cancellation. When the principal sum became due, the defendants Gruwell paid the same to the loan company, but that company retained the money and never paid it over to the plaintiff, nor to Moore & Co.    Afterwards the loan company became entirely insolvent.    The plaintiff brought this action in the District Court of Phillips County, Kansas, to foreclose his mortgage and collect the amount ue thereon.

Defendant Clark was a junior mortgagee.    The issues between the plaintiff and the defendants Gruwell were submitted to a jury who found for the defendants.    Motion was made for a new trial, and to set aside the findings of the jury on the special questions of fact.    This was overruled, and the matter brought to this court.

WARREN v. GRUWELL.                525

March 20, 1897.        Opinion.   Wells, J.            W. Div.

*R. F. Stinson*, and *James McNeny*, for plaintiff in error.

*W. H. Pratt*, for defendants in error.

WELLS, J.   This case was tried in the court below by both parties upon the theory that the note in question was negotiable paper, and therefore governed by the laws relating to negotiable instruments; and the jury was so instructed. This was error. In the body of the note appears this clause:

1. Negotiability of note destroyed, how.

"And if default be made in the payment of any interest note, or any portion thereof, after the same becomes due and payable, then said principal note shall, at the option of the legal holder thereof, become at once due and payable without further notice, and be collected as stipulated in the mortgage to secure this note."

In *Killam v. Schoeps* (26 Kan. 313), the court says: "Whenever any stipulation concerning other matters than the payment of money is incorporated in one instrument with a promise to pay money, such double contract will not be adjudged a negotiable paper." See also *Iron Works v. Paddock*, 37 Kan. 510. Then again, the assignment rendered it non-negotiable. The assignment was as follows:

2. Assignment not commercial indorsement.

"For value received, I hereby assign and transfer the within bond and coupons thereto annexed, together with all my interest in and rights under the mortgage securing the same, to A. D. Warren, without recourse.            JAMES H. TALLMAN."

*Hadden v. Rodkey*, 17 Kan. 429; *Calvin v. Sterritt*, 41 id. 215; *Hatch v. Barrett*, 34 id. 223; *Briggs v. Latham*, 36 id. 210; *Hale v. Hitchcock*, 3 Kan. App. 23; and *Lockrow v. Cline*, 4 id. 716, 46 Pac. Rep. 720.        —

The note or bond in this case not being a negotiable instrument in the hands of the plaintiff, any payment of the note to Tallman without actual notice that he had disposed of it, would have been a complete defense to the action to enforce its collection. As the undisputed evidence shows that Moore & Co. were the real parties in interest, and the loan made in the name of Tallman as a matter of convenience, it is probably true that any payment made to Moore & Co. without notice of transfer, would be a good defense; and if Moore & Co. authorized the Nebraska and Kansas Farm Loan Company to collect the debt, then a payment to it would be the same as a payment to Tallman, or Moore & Co. The jury found that Moore & Co. did specially authorize the Nebraska and Kansas Farm Loan Company to collect the money. If there was any evidence to support that finding it is conclusive, and we think there was.

*3. Payment to original payee good defense, when.*

The ninth instruction we think is erroneous. We do not think that, "if the jury believed from a preponderance of the evidence that the plaintiff in this case had knowledge that said defendants would pay said note and mortgage to the loan company, under the belief, honestly entertained, that said company had authority to collect the same, unless they were notified to the contrary, such payment would be a payment to the plaintiff." It seems to us this would be a very dangerous rule to establish.

The thirteenth instruction is also erroneous, as it binds the plaintiff by the acts of the loan company, regardless of its authority to so act. It reads as follows:

"You are further instructed that if you should find from the evidence that the Nebraska and Kansas Farm

WARREN v. GRUWELL.     527

March 20, 1897.     Opinion.    Wells, J.      W. Div.

Loan Company, in the collection of said note and mortgage, acted in the capacity of agent or sub-agent of the plaintiff, and that, as such, the defendants paid said note and mortgage at or about the maturity of the same, to the said company, then the plaintiff would be estopped and precluded from a recovery upon the said note and mortgage, and your verdict should be for the defendants.''

Plaintiff in error complains in his brief that the court should have instructed the jury as to what facts would, under the circumstances, constitute an agency. We think this complaint is just, but we fail to find where he requested the court to do so ; and the court's attention not being specifically called to that necessity, there was no reversible error in not doing so.

The issues in this case presented this vital question in the court below : Did the Nebraska and Kansas Farm Loan Company have legal authority from Tallman, or Moore & Co., to receive the money in question? This being answered in the affirmative the plaintiff could not recover. In the trial of this issue we find no reversible error, either in receiving or rejecting testimony, or in giving or refusing instructions. The errors committed were such as arose from a misapprehension of the issues involved, and we cannot see that they prejudiced the plaintiff on the principal question at issue.

The judgment will be affirmed.