## WILLIAM H. BLISS v. JOSEPH R. YOUNG.

### No. 159.

1. PROMISSORY NOTE—*Non-negotiable*—*Notice of Assignment.* Where the maker of a non-negotiable note and coupon has neither actual or constructive notice of its assignment, he is protected in making payment to the payee thereof.

2. ———— *Interest Coupon — Construction.* When a note and coupon are executed together as parts of one and the same instrument they must be construed together.

3. ———— ———— *Negotiability of Coupon.* A coupon which is attached to a non-negotiable note numbered 6171, and recites that "This coupon is for six months' interest, due at the maturity hereof, on $600 loaned, as appears by bond No. 6171," is non-negotiable.

Error from Barton district court; J. H. BAILEY, judge. Opinion filed March 14, 1898. Affirmed.

*Wheeler & Switzer*, for plaintiff in error.

*Ira E. Lloyd*, for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was commenced in the district court of Barton county by the plaintiff in error to recover a judgment against the defendant in error upon a non-negotiable note of $600 and an interest coupon of $21 annexed to and bearing even date with the principal note. The principal note is numbered 6171, and the coupon recites that it is for six months' interest on $600 loaned, as appears by bond No. 6171. Judgment was rendered for the defendant, and plaintiff brings the case here for review.

The defendant in error alleges that the note, coupon and mortgage were non-negotiable and owned by the Western Farm Mortgage Company and were a loan of its money, but that they were taken in the name of W. J. Neill as agent of the company, and were for its

use and benefit. This is admitted by the plaintiff in error. Shortly after the execution and delivery of the note and mortgage they were assigned to the plaintiff in error, Bliss. Young paid the interest coupons as they became due to the Western Farm Mortgage Company, or to its successor, the Western Farm Mortgage Trust Company, and the coupons were returned to him, except the last one. He paid the amount of the principal note and the last coupon to the Western Farm Mortgage Trust Company, but the note and coupon were not returned to him. These payments were all made in pursuance of notices and demands for payment sent out by said companies. The assignment of the mortgage to Bliss was not placed of record in the office of the register of deeds of Barton county, nor did Bliss or either of the companies ever notify Young that Bliss owned the note and coupons. The court found that Young did not know that they were owned by Bliss until some time after he paid the principal note and the last coupon.

The court found for the defendant, and ordered the cancellation of the note, coupon and mortgage and the satisfaction of the mortgage.

The note being non-negotiable, and the maker having neither actual or construetive notice of its assignment, he is protected in making payment to the payee. (Wade on Notice, § 431 ; 1 Jones on Mortgages, § 956.)

The only remaining question is whether the coupon is negotiable. The note and coupon were executed together, as parts of one and the same instrument, and must be construed together. Not only this, but in the body of the coupon it is recited that "This coupon is for six months' interest, due at the maturity hereof, on $600 loaned, as appears by bond No. 6171." We therefore hold that the coupon is non-negotiable.

The judgment of the district court is affirmed.