THE PASSUMPSIC SAVINGS BANK *vs.* ORVILLE G. BUCK et al.

October Term, 1898.

Present: ROSS, C. J., ROWELL, TYLER, START and THOMPSON, JJ.

Opinion filed January 26, 1899.

*Mortgage—Record of Assignment—Purchaser Put upon Inquiry.*—The assignee of a mortgage who omits to have the records show the transfer, takes the risk of a wrongful discharge of record by the mortgagee, and the acquisition of the title by one relying on the discharge and without notice of the assignment; but he takes no risk as against such purchaser with notice of the assignment, and the mere lapse of time makes no difference.

*Mortgage—Record of Assignment—Purchaser Put upon Inquiry.*—A second mortgage contained a clause reciting the existence of the former mortgage and adding that the notes secured thereby were then owned by another party named, as the fact was. There was never any written assignment of the first mortgage, and some years after the execution of the second, the first was discharged on the record by the mortgagee therein named, but without right and probably by mistake. An intending purchaser of the second mortgage examined the records and read the clause referred to but made no further inquiry, and purchased relying upon the recorded discharge. *Held, Start,* J., dissenting, that he could not defend against a foreclosure of the first mortgage, being chargeable with notice of the fact, which he could have learned upon inquiry, that the first mortgage was outstanding and had never been rightfully discharged.

PETITION to foreclose a mortgage. Heard on pleadings and master's report, at the June term, 1898, Caledonia county. *Munson,* Chancellor, rendered a decree of foreclosure in the usual form. The defendants appealed.

*Bates, May & Simonds* for the orator.

*M. M. Buck* and *G. E. Monteith* for the defendants.

ROWELL, J. This is a petition to foreclose a mortgage from the defendants Orange Buck and Abijah H. Buck to James Atwell, dated July 14, 1874, and recorded the same day. On February 13, 1879, said defendants executed a

mortgage of the same premises, and other land, to Carlos D. Oakes, which was recorded the next day. In said last-mentioned mortgage, immediately following the warranty against incumbrances, was this: "Excepting a mortgage on the first described piece of about four hundred dollars to James Atwell and notes now owned by Samuel Merriam." Said Merriam bought the Atwell note, then overdue, and the mortgage, about two years after they were given, and they were then transferred to him, and were owned and held by his estate when the Oakes mortgage was given, he having died the September before; and they are now owned and held by the petitioner, and the note has never been fully paid.

On November 20, 1889, nearly four years after the petitioner became such owner and holder, Atwell made and signed an entry on the margin of the record of said mortgage, acknowledging satisfaction thereof; but he had no right to do it, and it does not appear how he came to, though the master thinks it was by mistake.

On January 5, 1890, the defendant Orville G. Buck bought and paid for the Oakes mortgage, and it was assigned to him the same day; and on March 13, 1897, the other defendants quitclaimed to him the premises in question, and he surrendered to them the Oakes note and mortgage in consideration thereof. Before buying the mortgage, he examined the records, found the record of it, and read the exception therein, and also found the entry of satisfaction of the Atwell mortgage. He then sent a man to examine the records for him, who found the same that he had. He made no further inquiry, but bought, relying on the records, which showed no assignment of the Atwell mortgage, and it does not appear that it ever was assigned in writing. Had he inquired in the direction indicated by the information he received by reading the exception in the Oakes mortgage, he would have learned that the Atwell mortgage and the note thereby secured were owned and held by Merriam's

estate when the Oakes mortgage was given; that they were owned and held by the petitioner when Atwell assumed to discharge the mortgage as aforesaid; that the note was not fully paid; and that Atwell's discharge was without authority, and therefore a fraud upon the petitioner. And he must be taken to have had actual knowledge of all this, for the information he received undoubtedly put him on inquiry in respect of it, and enabled him to prosecute that inquiry in the usual course of such business to a successful termination. *Stevens* v. *Goodenough*, 26 Vt. 676, 684; *Adams* v. *Soule*, 33 Vt. 538.

The assignee of a mortgage who omits to have the records show the transfer, takes the risk of a wrongful discharge of record by the mortgagee, and the acquisition of title by one relying on the discharge and without notice of the assignment. *Torrey* v. *Deavitt*, 53 Vt. 331, and *Ladd* v. *Campbell*, 56 Vt. 529, are cases of this kind. But he takes no risk as against such purchaser with notice of the assignment. A record of the assignment is only for notice; and if notice is given some other way, it is just as good against the person to whom it is given. The cases last cited show this plainly enough. And Mr. Jones says that "no assignment of the mortgage is necessary as against those having actual notice of the transfer of the notes." 1 Mortgages, § 820, 2d ed. The same thing is said in 15 Am. & Eng. Ency. of Law, 846. And this is the doctrine of the cases generally.

The lapse of time makes no difference, as has been suggested. In *Le Neve* v. *Le Neve*, Ambler, 436: 2 Lead. Cas. Eq. [*23]—lands in a register county were settled by a deed not recorded. Twenty-five years after, they were again settled, with notice of the former settlement, and the second settlement duly registered. The former settlement was preferred in equity. In *Corliss* v. *Corliss*, 8 Vt. 373, an attempt was made to avoid by lapse of time, with other circumstances, the effect of notice of an unrecorded deed, but without avail.

The defendants Orange and Abijah contend that they are not proper parties, because they had no interest in the mortgaged premises when the suit was commenced. But it is too late for them to raise that question. Their conveyance to the other defendant is alleged in the petition; and as they did not demur for misjoinder nor raise the question in their answer, they must be taken to have waived it. *Wing* v. *Cooper*, 37 Vt. 169, 185; Story, Eq. Pl. § 544, 10th ed.

*Decree affirmed and cause remanded.*