## E. H. Fowle v. O. O. Outcalt.
### No. 12,368.   (67 Pac. 889.)

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Payment to Payee—Knowledge and Conduct of Indorsee.* Where the holder of a promissory note has for years authorized and ratified the reception of interest payments thereon by the payee named in the note, without having the coupons representing such interest in his possession at the time of receiving the money; and where such holder is chargeable with knowledge that during the period covered by such interest payments such payee had held himself out as the owner of said note to those obligated to pay the same, and is still so holding himself out to such interested parties, who are deceived thereby; and where such holder has notice that at the maturity of the note such payee will, pursuant to his usual course of business, without revealing the facts as to ownership, receive the amount of principal due on such note, it is the duty of such holder, if he desires a change in the methods which have been theretofore and are thereafter likely to be pursued, to notify those who are bound to pay it that he is the owner of the note and that future payments may not be made to such payee, and if such holder fails so to do he will be held bound by a payment made in good faith of such note at the place of payment designated therein and to such payee.

2. ——— *General Rule as to Payment—Exceptions.* Ordinarily one bound to pay a negotiable promissory note is not protected if he pay it to the payee thereof and at the place of payment named in the note without the production of the paper by the person receiving the money, but to this rule there are exceptions, and under the facts in this case the decision of the trial court that the rights of the owner of the note in controversy in this action are concluded by such a payment will not be disturbed.

Error from Coffey district court; W. A. RANDOLPH, judge.   Opinion filed February 8, 1902.   Affirmed.

*Keller & Dean,* for plaintiff in error.

*E. N. Connal,* and *John G. Egan,* for defendant in error.

The opinion of the court was delivered by

ELLIS, J. :  This action was brought in the district court of Coffey county by plaintiff in error to foreclose a mortgage given on the 3d day of February, 1890, by Mary E. Houston and James J. Houston, her husband, to the Globe Investment Company, of Boston, Mass., and payable at its office.   The note which said mortgage was given to secure follows :

"KANSAS CITY, Mo., February 3, 1890.    $1500.00.

"On the first day of February, A. D. eighteen hundred and ninety-five, without grace, for value received, we promise to pay to the order of the Globe Investment Company, at its office in Boston, Massachusetts, the sum of fifteen hundred dollars, in gold or its equivalent in United States money, with interest until maturity at the rate of six per cent. per annum, payable semiannually, according to the terms of ten coupons hereto attached.   If said sum is not paid at maturity, the amount unpaid shall bear interest at the rate of ten per cent. per annum, payable semiannually ; and if any interest remains unpaid ten days after it becomes due, the principal shall at once become due, at the option of the holder, without notice.

MARY E. HOUSTON.<br>JAMES J. HOUSTON."

Shortly after the execution and delivery of said note it was sold to John Stuart & Company, Limited, of Manchester, England, and indorsed in blank as follows :  "Pay to the order of ——, without recourse. GLOBE INVESTMENT COMPANY, by J. LOWELL MOORE, *Treasurer.*"

The following guaranty was also indorsed on said note :

"In consideration of value received, the Globe Investment Company hereby guarantees the payment of each coupon hereto attached at maturity, and the

23—64 KAN.

payment of this principal note within two years after maturity, with interest after maturity at six per cent. per annum, payable semiannually; provided, said company shall have the right to purchase this note at its face value and accrued interest at the date of payment; and the neglect of said holder to accept such payment and assign and deliver to said company this note and the mortgage given to secure it shall release said company from all further liability hereon.

"In witness whereof, the said Globe Investment Company has caused its corporate seal to be hereto affixed and this guaranty to be signed in its name and behalf by its treasurer, this 10th day of June, 1890.

GLOBE INVESTMENT COMPANY.
By J. LOWELL MOORE, *Treasurer.*"

No indorsements were made upon any of the coupons attached to said note. Soon after obtaining them, the securities were sold by Stuart & Company, without further indorsement, to the plaintiff, a resident of England, but no assignment of the mortgage was placed of record in the office of the register of deeds of Coffey county, Kansas, until a brief period before the bringing of this action.

Prior to January 1, 1894, the defendant, O. O. Outcalt, purchased the lands covered by the mortgage, subject thereto, and thereafter paid each instalment of interest represented by coupons attached to said note at or before the maturity thereof, and received such coupons stamped or marked "Paid," by the Globe Investment Company, in due course. Shortly before the maturity of the principal note he paid the same to the Globe Investment Company, but did not receive the note. The evidence clearly shows that the Globe Investment Company had a branch office at Kansas City, Mo., and that it required all payments upon its Western loans to be made at that office. All the payments of Outcalt were thus made, and were

remitted and accounted for without delay to the Boston office of the Globe Investment Company.

The facts undoubtedly are that at the time of the payment of the principal note by Outcalt, as aforesaid, the same was not in the possession of the Globe Investment Company, but was in the hands of John Stuart & Company, Limited, although there is evidence in the record sufficient to support a finding that the Globe Investment Company had the note in its possession at the time of such payment. Upon the trial, evidence was adduced tending to show that John Stuart & Company, Limited, were, and at all times after the note passed into the hands of plaintiff had been, the agents of said plaintiff to collect the interest and principal upon said note and to see that the insurance on the property mortgaged was kept up, and to act generally for such plaintiff in protecting his interest as to said loan. Because of the distance intervening between the brokers and his debtors, it was, of course, contemplated by plaintiff that the services to be performed by the former should not be conducted directly with the mortgagors, but through an intermediary to be chosen by such agents. It also appeared that said John Stuart & Company, Limited, owned a considerable portion of the capital stock of, and knew of the methods pursued by, the Globe Investment Company in transacting its business; of the fact of the establishment of a Kansas City branch office, and the business transacted through the same; and the evidence tended to show that said John Stuart & Company, Limited, with full knowledge of the facts, authorized and sanctioned the collection by the Globe Investment Company of principal and interest of this and many other notes and mortgages, without reference to whether such notes and mort-

gages were in fact in the hands or under the control of said Globe Investment Company at the time of payment or not.

Upon all the foregoing facts the evidence was conflicting.

It is certain the Globe Investment Company did not account to plaintiff or his agents for the amount received in payment of said principal note, and that about six months after such payment to it, such company, being insolvent, passed into the hands of a receiver.

The case was tried by the court without a jury, and a general finding made in favor of the defendant Outcalt, and pursuant to the prayer of his answer the title to the real estate in dispute was quieted in him. The plaintiff brings the case here.

It is asserted by the defendant, is not denied and is clearly proven that neither the mortgagors nor their successor to the title, Outcalt, had any notice that the note or coupons were not in fact owned by the Globe Investment Company up to the time of payment of the principal note, as hereinbefore stated. As the case comes here, it must be assumed that upon all the essential facts in controversy the court below found in favor of defendant Outcalt, and the single question is presented, whether under such facts, most favorably considered, the decision of the trial court can be sustained. That the defendant Outcalt acted in entire good faith must be admitted. If we were to invoke the rule that, where one of two innocent persons must suffer because of a wrong committed by a third, that one shall bear the loss whose negligent acts have made it possible for such third person to inflict an injury, the result, under the finding of the trial court, would be to charge the plaintiff with the loss occasioned by

the failure of the Globe company to account for the funds which it received. The plaintiff was aware, because his authorized agents, Stuart & Company, knew, that the Globe company had collected the coupons from time to time upon the note in suit, and had given attention to the loan, to the payment of taxes, and the renewal of insurance, and that according to the usual course of business that company would thereafter collect the principal when it fell due; still, he did not repudiate, and ostensibly, at least, ratified, all the acts performed by the Globe company with reference to the loan after he became the owner thereof. If he was not willing implicitly to trust the Globe company to represent him, when he knew it was being held out to the public and to the mortgagors either as the owner of the note or as agent for the owner in the collection of it, he should signified his disapproval of such acts. He could easily have given to the mortgagors, whose address he had, or to Outcalt, whose connection with the property he would have ascertained had he made the least inquiry, notice that he was the owner of the note, and required payment to be made to himself or to some person designated by him. On the other hand, Outcalt had no reason to believe that the Globe company was not still the owner of the note, and if he had suspected it, it is probable that by inquiry made to the Globe company he would not have learned of the ownership or even of the existence of the plaintiff. It is unimportant in the consideration of this case that the Globe company held itself out to Outcalt as a principal and failed to disclose that it was acting for plaintiff.

"Where an agent contracts in his own name and does not disclose his principal, the principal, having a right to sue, is also, when discovered, liable to a third party on the contract. The third party may elect

whom he will sue.'' (Note to *Wheeler v. McGuire*, 86 Ala. 398, 5 South. 190, 2 L. R. A. 811, and authorities cited.)

The plaintiff willingly permitted the Globe company to collect moneys for him upon this note, and in equity ought to be regarded as bound by payments made in reliance upon such apparent authority. (*Quinn v. Dresbach*, 75 Cal. 159, 16 Pac. 762, 7 Am. St. Rep. 138.)

A controlling consideration, however, is the fact that plaintiff's agents, Stuart & Company, and therefore the plaintiff, knew that shortly before the maturity of this note, in the regular course of business, the Globe company, assuming still to be the owner of it, would notify the mortgagors and others under obligation to cancel the debt of the approaching maturity of the claim, and that payment could be made at the office of the Globe company, and in all probability would be so made. Being apprised of these facts, it was plainly the duty of plaintiff to disclose his ownership and indicate a preference for a different course of action, if he desired it.

The cases cited in support of the contention of the plaintiff in error are all, for the reason last stated, and most of them for other reasons, inapplicable to the case at bar.

That the maker, or one who is required to pay a promissory note secured by a mortgage, should not make payment even at the place where the note is by its terms made payable, except upon the production of such note, is not denied. But where debtors are compelled to make remittances to places remote, by mail, and to transact business by correspondence, and through a long course of dealing, and because of it, are led to believe that by continuing in the same

Fowle v. Outcalt.

course they will serve the interests of the creditor as

well as their own, and especially where a noteholder gives sanction in advance to the further continuance of such methods, he ought not thereafter to be permitted to repudiate it and disown responsibility for that which is so done.

In the recent case of *Walter v. Logan*, 63 Kan. 193, 65 Pac. 225, the coupons when returned bore indorsements showing that they had been transferred, and the court said :

"The interest coupons, which were paid by Logan and by Hill to the Western Farm Mortgage Company and its successors, and returned to them, brought home to them knowledge that neither Neill nor the Western Farm Mortgage Company, or either of its successors, was the owner or holder of said note and mortgage."

As therein those who sought to pay the principal note were fairly chargeable with notice of its transfer; it is not difficult to distinguish that case from the one we are considering.

As the pleadings in the case, together with the finding of the trial court, sustain the judgment, we are not authorized to disturb it, and it is affirmed.

JOHNSTON, CUNNINGHAM, GREENE, JJ., concurring.