Sarah M. Dickerson v. James W. Higgins *et al.*

(Filed September 6, 1905.)

1. **COMMON LAW NOTE—Defenses.** A non-negotiable note although transferred to an innocent purchaser before maturity and for a valuable consideration, is subject to all the legal defenses which might be interposed against the note in the hands of the original payee.

2. **SAME—Notice of Assignment.** Where the makers of a non-negotiable note and interest coupons have neither actual nor constructive notice of the assignment of the note and coupons, or of the mortgage securing the same, proof of the payment of the note and coupons to the payee, in accordance with the terms and tenor of the note and mortgage, is a complete defense to an action upon the same.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before C. F. Irwin, Trial Judge.*

*C. L. Botsford* and *Lawrence & Huston,* for plaintiff in error.

*Newell & Jackson,* for defendants in error.

Opinion of the court by

Hainer, J.: On September 21, 1899. James W. Higgins, and Sonora Higgins, his wife, executed a note for $300 in favor of The Bunnell & Eno Investment Company, and secured the same by a mortgage on a quarter section of land situated in Cleveland county, the principal and interest to be paid at the office of The Bunnell & Eno Investment Company, Philadelphia, Pennsylvania.    On December 4, 1899,    The

Bunnell & Eno Investment Company sold and assigned the note, interest coupons, and mortgage to. the plaintiff in error, but which assignment was not recorded until March 7, 1902. On December 23, 1901, Higgins and his wife paid, at the office of The Bunnell & Eno Investment Company, in Philadelphia, Pennsylvania, the sum of $309 in full of all money remaining due on the principal note and interest coupon notes. On the 31st day of January, 1903, this action was commenced to recover the sum of $300, together with costs and attorneys fees, which the plaintiff claimed was still due upon the said principal note and interest coupons, and for the foreclosure of the mortgage. The defendants, in their answer, admitted the execution of the note and mortgage, as pleaded by the plaintiff, but alleged as a defense thereto that the full amount of the principal note and interest coupons had been paid to The Bunnell & Eno Investment Company, in accordance with the terms and conditions of the note and mortgage long prior to the time that these defendants had any notice or knowledge of the assignment of the note and mortgage to the plaintiff in error.

The court found the issues for the defendants, and ordered the cancellation of the note, coupons, and mortgage. Motion for a new trial was duly filed and overruled, and exception reserved, and the case is brought here for review.

Thre was no error in the rulings of the trial court. The note sued on in this action contained the following provisions:

"Principal and interest are payable at the office of said company in Philadelphia, Pennsylvania. If any part of the principal or interest of this note is not paid when due, it shall bear interest thereafter at the rate of twelve per centum per annum. payable semi-annually, and if any interest remains unpaid after it is due, the principal shall become due

and collectible at once, without notice, at the  option of the holder hereof.  And in case this note is placed in the hands of an attorney for .collection, or suit is brought hereon, the makers agree to pay to the holder an attorney's fee of ten per centum of the amount hereof, including interest to be taxed as costs or included in the judgment.  It is further expressly agreed that this note is made under, and in all respects to be construed by the laws of the Territory of Oklahoma."

These provisions in the note clearly rendered the instrument non-negotiable.  (*Cotton v. John Deere Plow Co.,* 14 Okla. 605; *Randolph v. Hudson,* 12 Okla. 516, 74 Pac. 946.)

Since the principal, note and interest coupons sued on in this action were non-negotiable, although they were transferred to the plaintiff in error, who claims to be an innocent purchaser, before maturity, and for a valuable consideration, they were subject to all the legal defenses which could have been interposed against the same in the hands of the original payee.  Moreover, we think the court was fully justified in finding from the evidence that .the defendants had had no notice, either actual or constructive, of the assignment of the mortgage, note, and coupons to the plaintiff in error, and therefore that the defendants were protected in making the . payment to the original payee at the place stipulated in the note and mortgage. (*Lockrow v. Cline,* 46 Pac..720; *Warren .v. Cruwell,* 48 Pac. 205; *Bliss v. Young,* 52 Pac. 577; *Fowle v. Outcalt,* 67 Pac. 889.)

The judgment of the district court is affirmed.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.