RANDALL COMPANY, *a Corporation*, v. JOHN GLENDENNING *et al.*

(Filed September 20, 1907.)

(92 Pac. 158.)

1.  **BILLS AND NOTES—Non-negotiable Notes—Bona Fide Purchaser—Defenses.**  A non-negotiable note, transferred to an innocent purchaser before maturity and for a valuable consideration, without notice, either actual or constructive, to the maker thereof, is subject to all the legal defenses which might be interposed against the note in the hands of the original payee.

2.  **MORTGAGES—Assignment —Execution—Record—Notice.** Notice recording of an assignment, by a corporation, of a mortgage, without the attesting of the secretary of said corporation, as required by running section 921, page 331, Wilson's Revised Statutes of Oklahoma 1903, is not constructive notice.

(Syllabus by the Court.)

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

Affirmed.

*W. F. Wilson* and *H. E. Elder*, for plaintiff in error.

*W. M. Bowles*, for defendants in error.

STATEMENT OF FACTS.

This action is brought by the above-named plaintiff in error upon a promissory note, in writing, made, executed, and delivered by the said defendants in error, John Glendenning and Cora Glendenning, his wife, on July 24, 1900, by the terms of which the said John Glendenning and wife agreed to pay the Bunnel & Eno Investment Co., a corporation, or order, the sum of five hundred dollars on the 1st day of August, 1907, with interest at five and one-half per cent. per annum, payable semi-annually, on the first day of each and every August and February after the date of said note, as evidenced by coupon interest notes for $13.80 each, attached to the principal note, numbered one to fourteen, inclusive, and by the terms of which said principal note the said defendants

in error agreed to pay, in event said notes be placed in the hands of an attorney for collection, the sum of ten per cent. additional attorney's fees, and also in event there should be default in the payment of principal or interest, as the same became due, according to the terms and tenor of said note, then the whole sum thereby evidenced should become immediately due at the option of the legal.holder of said note and should bear interest from the date of such default at the rate of ten per cent. per annum, until paid, which note was secured by a real estate mortgage of even date herewith, executed in due form by the said defendants in error, upon the following described real estate and premises located in Noble county, Oklahoma Territory, to-wit: The northwest quarter of section eleven (11), in township twenty-two (22) north, of range two (2) west of the Indian Meridian, which said mortgage was, on the 24th day of July, 1900, recorded in book 6 of mortgages, at page 34, of the records of said Noble county, territory of Oklahoma.

The plaintiff in error, the Randall Company, a corporation, pleading title to said notes and mortgages, by reason of the endorsement of said notes by the Bunnell & Eno Investment Company, and by reason of the written assignment of said mortgage duly executed by the Bunnell & Eno Investment Company on the 31st day of August, 1900, which said assignment of said mortgage was thereafter on the 14th day of March, 1902, filed for record in the office of said register of deeds of said Noble county, Oklahoma, and recorded in book 1 of Assignments, page 11, and declaring a default in the terms of said note because of the fact that interest coupon, due August 1, 1902, for $13.80, with all other interest coupon notes then due, were not paid, and asking for judgment against the defendants on account of said principal note and interest coupon note due August 2, 1902, and for an attorney's fee of 10 per cent. additional, for costs of suit, and for a decree of foreclosure of said real estate mortgage upon the premises aforesaid.

The defendants thereafter, and within due time, filed their

answer to the petition of the plaintiff, alleging that on January 16, 1902, they had paid off said principal note and coupon notes at the office of the Bunnell & Eno Investment Company, and denying that the plaintiff in error was the owner, at said date, in good faith, for value, of the notes and mortgage in controversy, and also denying that the assignment of said mortgage was a valid assignment by the said Bunnel & Eno Investment Company, for the reason that the same was not attested by the secretary of said corporation, under the corporate seal, and further alleging that the Bunnell & Eno Investment Company, at the said date, to-wit, the date upon which said defendants in error paid off and discharged said principal and coupon notes, was the agent of the holder of said notes, the plaintiff in error here, and as such received the money in payment thereof, and praying the court that the plaintiff in error take nothing by its action on said notes and mortgages, and praying affirmatively that said notes and mortgage be by the court set aside, canceled, and held for naught.

To this answer the said plaintiff in error filed its reply in due time in said court, alleging that the said Bunnell & Eno Investment Company never was its agent for the collection and receipt of the moneys in payment of said note from the defendants in error, and further alleging that is was, on and before the date of the payment made by the said defendants in error to the Bunnell & Eno Investment Company, the purchaser of said notes and mortgage for value received, and in the due and regular course of business, and further alleges that contemporaneous with the execution of the note and mortgage by the said defendants, which is sued on in this action, the said defendants did make, execute, acknowledge, and deliver a certain written instrument, by the terms of which they did appoint and nominate one H. D. Price, of Oklahoma City, Oklahoma, who was then and there the territorial agent of the said Bunnel & Eno Investment Company, their true and lawful attorney in fact, for them and in their stead to negotiate said loan evidenced by the notes and mortgage sued on herein,

and further empowered their said attorney in fact, the said H. D. Price, to look after the said loan, insurance, taxes, remittance of interest and principal to the person, persons, or corporations from whom they procured money and all payments made to said corporation or their successors in business to be, at the risk of the said defendants, and in all dealings with said loan said Bunnell & Eno Investment Company, or their successors, to be the agents of the said defendants, which said instrument in writing is attached to said reply as an exhibit, and will be found on page 27 of the case-made, and further alleging that this plaintiff in error did, pursuant to said power of attorney and contract of agency, purchase said notes and mortgage for value, prior to the date of their maturity, and that the said defendants had paid, through H. D. Price, at Oklahoma City, Oklahoma, their attorney for the transmission to the Bunnell & Eno Investment Company of the moneys in payment of said notes and mortgage aforesaid, long after the transfer of said notes to this plaintiff in error for value, and that the payment thereof was made by reason of said contract or agency in writing at the risk of the defendants in error.

The defendants in error then filed their motion for judgment on the pleadings, which motion was, by the consideration of the court on May 25, 1905, sustained, and accordingly judgment was entered against this plaintiff in error for costs, and, further, the court ordered, upon said answer of the defendants, that the mortgage sued on herein be set aside, annulled, and canceled, to review which ruling of the court on said motion for judgment the plaintiff in error duly perfected this appeal.

Opinion of the court by

IRWIN. J.: The contention of plaintiff in error is that the action of the court in sustaining the motion for judgment on the pleadings in favor of the defendant was error for the reason the pleadings show that the note in question was transferred by the original payee, Bunnell & Eno Investment Company, to plaint-

iff in error prior to the payment, and that at the time said payment was made by the defendant the Bunnell & Eno Investment Company were not the owners of the note, and had no right to collect the money due thereon. But we take the rule of law to be that where a non-negotiable note is transferred to another, although that party is an innocent purchaser, and the transfer is made before maturity and for a valuable consideration, yet, if made without notice, either actual or constructive, to the makers thereof, it is subject to all the legal defenses which might be interposed against the note in the hands of the original payee. Now, if this note is a non-negotiable note, and under the facts as shown by the pleadings in the case, the original payee, Bunnell & Eno Investment Company, could not recover thereon, then the plaintiff in error could not recover, unless the pleadings show that the defendants had either actual or constructive notice of the assignment by Bunnell & Eno Investment Company to plaintiff in error.

That this note is a non-negotiable note is conceded by counsel for plaintiff in error in their brief, on page 6, at the bottom of the page, at the very outset of their argument, in which they confess that this court has decided that a note in terms similiar to the one in suit here is a non-negotiable note, and they concede that this is conclusive in this case, and consequently that this is a non-negotiable note under the laws as interpreted by the supreme court of this territory. Now, this being conceded, then the other proposition that, unless it can be shown that the defendants in the court below had actual or constructive notice of the transfer of the note from the Bunnel & Eno Investment Company to plaintiff in error, a payment by the defendant in error to the original holder of the note would be a complete defense to an action on the note. This court in the case of *Dickerson v. Higgins et al.*, 15 Okla. 588, 82 Pac. 649, in the syllabus, uses this language:

"Where the makers of a non-negotiable note and interest coupons have neither actual nor constructive notice of the assignment of the note and coupons, or of the mortgage securing the

same, proof of the payment of the note and coupons to the payee in accordance with the terms and tenor of the note and mortgage is a complete defense to an action upon the same."

Now, the pleadings in this case concede that the payment in full of this note, both principal and interest, was made by the defendants to the Bunnell & Eno Investment Company the original payees in the note. The pleadings further disclose that the only assignment of this note and mortgage which was ever recorded was one which was not attested by the secretary of said corporation as required by running section 921, page 331 of Wilson's Statutes of the territory of Oklahoma, 1903. That section of the statute provides:

"Every deed or other instrument affecting real estate, executed by a corporation, except when executed by an attorney in fact, must be attested by the secretary or clerk of such corporation with the corporate seal attached."

The pleadings in this case disclose that this section of the statute was not complied with, or any attempt made to comply with it. Now, we think the rule is that, where the statute points out the manner in which an instrument filed for record must be attested in order to be of any avail as notice to the parties interested and the public generally, it must be attested in the manner required by statute. This court, in the case of *Richardson v. Shelby*, 3 Okla. 68, 41 Pac. 378, in the syllabus, on page 70, say:

"In order to have the effect of notice to creditors, a chattel mortgage, or copy of it, must be such as is by the statute declared to be sufficient and effective for that purpose, and the registry must have been made in compliance with the law, otherwise the registry will be treated as a mere nullity."

Constructive notice from the record being dependent upon purely statutory provisions, it naturally follows that effect will not be given to any and every recorded instrument, but only to such as fall within the statute. If an instrument be not of a kind authorized by law to be recorded or not, though within the contemplation of the statute it be not entitled to record because of its defective

execution or failure to comply with some of the prerequisites to entitle it to be made a matter of record, it will be treated as a nullity, and will not operate to give constructive notice. In 24 American & English Ency. of Law (2 Ed.) page 100, this doctrine is enunciated: "In order that the effects of registration may attach to an instrument, it must be a valid instrument; the record of a void instrument is of no effect. Where signing and sealing are necessary to the validity of a deed, mortgage, or other instrument, such instrument is not entitled to record unless it be properly signed and sealed." Under our statute, the only persons authorized to execute an instrument affecting real estate made by a corporation must be an attorney in fact of said corporation, or by the president or vice president of said corporation, and their signature must be attested by the secretary or clerk with the seal attached; so the signature of two officers of a corporation must be signed to every instrument affecting real estate, otherwise, the same is void, and a void instrument, under the authorities, is not eligible of record.

Another very strong reason why this assignment and the recording of it should not, in equity, be allowed to effect the rights of the defendants is that the pleadings disclose that the payments made by the defendants were made in January, 1902, and this assignment of the mortgage by Bunnell & Eno Investment Company to plaintiff in error was not made a matter of record until March 14, 1902, about two months after the payments were made. So, under the admission of the pleadings, the payments of the principle and interest of this note was made by the defendants to the Bunnell & Eno Investment Company, the original payees of the note, without any actual or constructive notice, as the recording of this assignment, which was not made a matter of record until two months after the payment was made, could not be held to be constructive notice, and there is nowhere any claim in the pleadings made that actual notice of the assignment was ever given to the defendants. Hence we think the action of the district

court in rendering judgment on the pleadings in favor of the defendants is fully sustained by law.

Finding no error in the record, the judgment of the district court is affirmed, at the costs of the plaintiff in error.

Hainer, J., who presided in the court below, not sitting; Pancoast and Garber, JJ., absent; all the other Justices concurring.