## PITTSBURG MORTGAGE INV. CO. v. ROBINS et al.

No. 7447—Opinion Filed June 6, 1916.
On Petition for Rehearing, June 27, 1916.
(158 Pac. 929.)

1. **Bills and Notes—Nonnegotiable Note—Transfer to Innocent Purchaser—Defenses.**

A nonnegotiable note, transferred to an innocent purchaser before maturity and for a valuable consideration without notice, either actual or constructive, to the makers thereof, is subject to all the legal defenses which might be interposed against the note in the hands of the original payee.

2. **Same—Defense—Payment.**

Where the makers of a nonnegotiable note have no actual or constructive notice of its assignment or of the mortgage securing the same, proof of the payment of the note to the payee named therein is a complete defense to an action thereon.

(Syllabus by Hooker, C.)

Error from District Court, Kiowa County; James A. Tolbert, Judge.

Action by Henry E. Robins against the Pittsburg Mortgage Investment Company and another. Judgment for plaintiff, and the defendant named brings error. Reversed and remanded.

A. J. Morris, for plaintiff in error.

L. M. Keys and Burwell, Crockett & Johnson, for defendants in error.

Opinion by HOOKER, C. On July 16, 1903, S. and wife executed and delivered to W. & W. of Wichita, Kan., their promissory note for $910, payable 10 years after date, with the privilege of payment after the expiration of one year, secured by mortgage on real estate involved here. On September 23, 1903, W. & W. assigned this mortgage to R., but the assignment was not placed of record until March 12, 1908. On February 8, 1908, S. and wife borrowed $1,300 from the plaintiff in error, part of which was to be used in taking up the mortgage to W. & W., and in order to secure the payment thereof, they executed and delivered to the plaintiff in error their mortgage upon the real estate here, which was placed of record on January 31, 1908. On February 4, 1908, the plaintiff in error, believing that W. & W. were the owners of the first note and mortgage given to them by S. and wife, remitted by draft to them the full amount thereof and within a few days thereafter paid the remainder of said $1,300 to S. Thereafter the plaintiff in error ascertained that W. & W. had assigned the original note and mortgage, executed to them, to Henry E. Robins, and on the 12th day of March, 1908, the said R. placed the assignment of his mortgage of record. On the 28th day of February, 1910, Robins brought suit to foreclose the mortgage originally given to W. & W., and the plaintiff in error was made a party defendant to said action, and said cause was tried, which resulted in a judgment for said Robins, declaring his mortgage a prior lien to that of plaintiff in error.

It is apparent from the record here that the note executed by S. and wife to W. & W., which was subsequently assigned to Henry E. Robins, was and is a nonnegotiable instrument, and, if that be true, the said Henry E. Robbins, at the time he acquired the ownership thereof, took the same subject to all equities existing between the original parties thereto. This record does not disclose, nor is it contended, that the plaintiff in error had any knowledge of the ownership of said note and mortgage by the said Robins until after the plaintiff in error had paid to the said W. & W. the full amount of the said note and mortgage, and it is likewise apparent from this record that the said Robins did not record the assignment of his mortgage until March, 1908, several years after he acquired the ownership thereof. So that when the plaintiff in error, acting for S. and wife, undertook to pay the mortgage which had been executed by S. and wife to W. & W., the record as it existed gave to the plaintiff in error constructive notice of the fact that W. & W. were the owners of said note and mortgage, and, possessing no information to the contrary, the plaintiff in error paid to W. & W. the full amount thereof. This court in the case of Dickerson v. Higgins et al., 15 Okla. 588, 82 Pac. 649, said:

"Since the principal, note, and interest coupons sued on in this action were nonnegotiable, although they were transferred to the plaintiff in error, who claims to be an innocent purchaser, before maturity, and for a valuable consideration, they were subject to all the legal defenses which could have been interposed against the same in the hands of the original payee. Moreover, we think the court was fully justified in finding from the evidence that the defendants had no notice, either actual or constructive, of the assignment of the mortgage, note, and coupons to the plaintiff in error, and therefore that the defendants were protected in making the payments to the original payee at the place stipulated in the note and mortgage. Lockrow v. Cline [4 Kan. App. 716], 46 Pac. 720; Warren v. Gruwell [5 Kan. App. 523] 48 Pac. 205; Bliss v. Young [7 Kan. App. 728] 52 Pac. 577; Fowle v. Outcalt [64 Kan. 352] 67 Pac. 889."

Also in Randall Company v. Glendenning, 19 Okla. 475, 92 Pac. 158, this court said:

"A transfer to an innocent purchaser before maturity and for a valuable consideration, without notice, either actual or constructive, to the maker thereof, is subject to all the legal defenses which might be interposed against the note in the hands of the original payee."

Also in Seibold v. Ruble et al., 41 Okla. 267, 137 Pac. 696, this court said:

"1. Where one, who assumes the payment of a nonnegotiable note and attached interest coupons has no notice of the assignment of the note and coupons, or of the mortgage given to secure the payment thereof, proof of the payment of the note and coupons to the payee named therein, at the designated place of payment, is a good defense against proceedings on the part of the assignee to enforce payment.

"2. A nonnegotiable note, transferred to an innocent purchaser before maturity and for a valuable consideration, without notice to the maker thereof, or to one who assumes its payment, is subject to all legal defenses which might be interposed against the note in the hands of the original payee.

"3. Where the assignee of a nonnegotiable note, to which are attached interest coupons, which note and coupons are secured by real estate mortgage, takes the same by indorsement on the principal note alone, and by written assignment of the mortgage, which assignment is not put of record for over 4½ years, and fails to give the maker any notice of the assignment, and allows the original payee to collect the interest coupons at the designated place of payment, either from the maker of the coupons notes or the subsequent owner of the mortgaged lands, and to forward the canceled coupons to the one making payment, the subsequent payment in good faith and without notice of the principal note, though before maturity, to the payee named therein, at the designated place of payment, protects the one making payment against liability to the assignee, although the note was not produced and delivered at the time it was paid; it not being known to the payer that the note was not in the possession or under the control of the one to whom payment was made."

Under the view that we take of this case it is unnecessary to decide whether the assignee of a mortgage is required to record the assignment in order to be protected in his rights, or, if he fails to do so, whether his rights will be protected against subsequent lienors and purchasers in good faith, without actual notice of said assignment. This transaction occurred under the statute then in force, which is somewhat different from the Revised Laws of 1910. Whether it be necessary for a mortgagee to record the assignment of his mortgage in order to be protected against subsequent lienors and purchasers in good faith without actual notice of such assignment depends largely upon the statutes in force in the states where the question arises. The question has been passed upon by the courts of various states in the following cases: Donaldson v. Grant, 15 Utah, 231, 49 Pac. 779; Merrill v. Luce, 6 S. D. 354, 61 N. W. 43, 55 Am. St. Rep. 844; Merrill v. Hurley, 6 S. D. 592, 62 N. W. 958, 55 Am. St. Rep. 859; Henniges v. Johnson, 9 N. D. 489, 84 N. W. 350, 81 Am. St. Rep. 588; Bowling v. Cook, 39 Iowa, 200; Parmenter v. Oakley, 69 Iowa. 388, 28 N. W. 653; Livermore v. Maxwell, 87 Iowa, 705, 55 N. W. 37; Williams v. Jackson, 107 U. S. 482, 2 Sup. Ct. 814, 27 L. Ed. 529; Reeves v. Hayes, 95 Ind. 521; Fallass v. Pierce, 30 Wis. 443; Bacon v. Van Schoonhoven, 87 N. Y. 446; Pickford v. Peebles, 7 S. D. 166, 63 N. W. 779; Perry v. Baker, 61 Neb. 841, 86 N. W. 692; James v. Newman, 147 Iowa, 574, 126 N. W. 781; Bank v. Buck, 71 Vt. 190, 44 Atl. 93; Brownback v. Ozias, 117 Pa. 87, 11 Atl. 301.

Considering the record here, we are of the opinion that the plaintiff in error was justified in paying to W. & W. the mortgage executed by S. and wife to them, inasmuch as it did not have any knowledge of the assignment of said note and mortgage by W. & W. to the said Robins, and the record gave to it no reason to believe W. & W. had assigned the same. Therefore, the judgment of the lower court is reversed, and this cause is remanded.

### On Petition for Rehearing.

The only question involved here is the priority of liens, for the makers of the notes and mortgages are apparently satisfied with the judgment of the lower court, as they have not appealed to this court. This opinion is not intended to pass upon or decide any question that could arise between the holders of said mortgages and the makers of the notes, and the former opinion is, to that extent, modified and the petition for rehearing denied.

By the Court: It is so ordered