**In re James BRIGGS, Christine Briggs, Debtors.**

**Raymond J. OBUCHOWSKI, Trustee of the Bankruptcy Estate of James and Christine Briggs, Plaintiff,**

**v.**

**ASSOCIATES NATIONAL MORTGAGE ASSOCIATION, Foster Mortgage Group, National Mortgage Association, US Bancorp Mortgage Company, and Platte Valley Funding, L.P., Defendants.**

**Bankruptcy No. 94–10584.
Adv. No. 95–1003.**

United States Bankruptcy Court,
D. Vermont.

Sept. 1, 1995.

Rebecca Rice, Cohen & Rice, Rutland, VT, for Platte Valley Funding, L.P.

Raymond J. Obuchowski, Trustee, pro se.

## MEMORANDUM AND ORDER ON MOTIONS OF PARTIES FOR SUMMARY JUDGMENT

CHARLES J. MARRO, Bankruptcy Judge (By Recall).

The Motions of the parties for summary judgment are before the Court for determination upon the following

## STIPULATIONS OF FACTS:

1. On October 3, 1994, James and Christine Briggs filed a petition for relief under Chapter 7 of Title 11 of the United States Code.

2. Raymond J. Obuchowski was appointed Interim Trustee, thereafter duly qualifying and is presently serving in such capacity.

3. The Debtors, James S. Briggs and Christine K. Briggs are the owners of certain land and premises as conveyed to James S. Briggs and Christine K. Briggs, husband and wife, by Warranty Deed of Francis Falco and Patricia M. Falco, husband and wife by Deed dated June 14, 1988, recorded in Book 62, Page 310 of the Town of Clarendon Land Records.

4. On June 14, 1988, James S. Briggs and Christine K. Briggs executed and delivered a Mortgage Deed to Statewide Funding Corporation such deed conveying certain land and premises conveyed to James S. Briggs and Christine K. Briggs, husband and wife, by Deed of Francis Falco and Patricia M. Falco, husband and wife, dated June 14, 1988 to be recorded in the land records of the Town of Clarendon, to secure a principal sum of $77,-070.

5. The Mortgage of James S. Briggs and Christine K. Briggs to Statewide Funding Corporation was recorded on June 17, 1988 and filed for record in Book 62, Page 313 of the Town of Clarendon Land Records.

6. On or about June 20, 1988, Statewide Funding Corporation, a New York Corporation, assigned its interest in the mortgage from Christine K. Briggs and James S. Briggs, dated June 14, 1988, which mortgage is recorded with the clerk of Land Records of the Town of Clarendon in Book 62, Page 313 to Associates National Mortgage Corporation of Dallas, Texas, such assignment having been filed for record August 3, 1988 in Book 62, Page 473 of the Town of Clarendon Land Records.

7. On or about July 20, 1988, Associates National Mortgage Corporation assigned and transferred to Foster Mortgage Corporation all beneficial interest under the mortgage dated June 14, 1988 executed by Christine K. Briggs and James S. Briggs, as such mortgage was dated on June 17, 1988 as recorded in Book 62, Page 313 of the Clarendon Land Records, such mortgage assignment was filed for record on or about August 18, 1989 in Book 65, Page 327 of the Town of Clarendon Land Records.

8. The assignment from Foster Mortgage Corporation was executed in the State of

Texas. This assignment had no witnesses but was acknowledged.

9. On or about June 1, 1991, Foster Mortgage Corporation executed an Assignment of Mortgage assigning and transferring to US Bancorp Mortgage Company all of its rights, title, and interest in and to the Deed of Mortgage to the property described under mortgage dated June 14, 1988 recorded in Book 62, Page 313 of the real property records of the County Clerk or Recorder of Rutland County, Vermont. Such assignment was witnessed by one person and acknowledged but not recorded in the Town of Clarendon Land Records; this assignment was recorded in the Town of Brandon Land Records.

10. On or about December 1, 1993, US Bancorp Mortgage Company executed an Assignment of Mortgage, assigning and transferring to Platte Valley Funding, L.P. all of its rights, title and interest in and to the Deed of Mortgage to the property described under mortgage dated June 14, 1988 and recorded in Book 62, Page 313 of the real property records of the Town of Clarendon Land Records. Such assignment was not witnessed but was acknowledge and recorded in the Town of Clarendon Land Records April 25, 1994 in Book 80, Page 260 of the Town of Clarendon Land Records.

11. On or about August 3, 1994, Associates National Mortgage Corporation executed a corrective assignment to Foster Mortgage Corporation regarding the mortgage instrument of Christine K. Briggs and James S. Briggs dated June 14, 1988 filed for record in Book 62, Page 313 of the Town of Clarendon Land Records. Such corrective assignment was attested before two witnesses and acknowledged. Such corrective assignment was never recorded.

12. The underlying obligation was sold by Statewide Funding Corporation to Associates National Mortgage Corporation, by Associates National Corporation to Foster Mortgage Corporation, by Foster Mortgage Corporation to US Bancorp Company, and by US Bancorp Mortgage Company to Platte Valley Fund, L.P.

13. That as of the date of the filing of petition, there was due and payable $74,-158.08, principal, $8,583.03, interest, $616.17, late fees for a total due and owing in the amount of $83,357.28.

■ Under the foregoing stipulation of facts it is apparent that the mortgage from the debtors to Statewide Funding Corporation was executed and recorded in accordance with Vermont statutory requirements and that payment of the sum of $83,358.28 due and payable has not been made. Nevertheless, the trustee as one who has the status of a bona fide purchaser of real estate pursuant to 11 U.S.C. § 544(a)(3) seeks to avoid the lien of said mortgage on the grounds that some of the assignments of said mortgage made between June of 1988 and December of 1993, including the last one to Platte Valley Funding, L.P., were not in conformance with 27 V.S.A. § 341 and 342 in that they were not properly witnessed, acknowledged or recorded.

The trustee, in support, cites *In re Vermont Fiberglass, Inc.,* 44 B.R. 505 (Bankr. D.Vt.1984) in which this Court held that the assignment of a mortgagee's interest in real estate not properly acknowledged and recorded, is not effectual against the trustee in bankruptcy with the status of a bona fide purchaser pursuant to 11 U.S.C. § 544(a)(3).

Upon revisiting *Vermont Fiberglass, Inc.,* the Court concludes that the trustee's reliance on this case is misplaced. When deciding *Vermont Fiberglass* the Court's rationale was flawed. It cited *Passumpsic Savings Bank v. Buck,* 71 Vt. 190, 44 A. 93 (1899); *Ladd v. Campbell,* 56 Vt. 529, 89 A.L.R. 126 (1884) as construing an assignment of a mortgagee's interest in real estate as a conveyance within the purview of 27 V.S.A. § 341 requiring two or more witnesses, acknowledgement and recording. Such a reading of these cases was erroneous. The actual holding was expressed in *Passumpsic Savings Bank* at 71 Vt. 192, 44 A. 93 as follows:

> The assignee of a mortgage who omits to have the records show the transfer, takes the risk of a wrongful discharge by the mortgagee, and the acquisition of the title by one relying on the discharge and without notice of the assignment. *Torrey v.*

*Deavitt,* 53 Vt. 331 and *Ladd v. Campbell,* 56 Vt. 529 are cases of this kind. But he takes no risk against such purchaser with notice of the assignment. A record of the assignment is only for notice; and notice is given some other way, it is just as good against the person to whom it is given. The cases last cited show this plainly enough.

From the foregoing the conclusion is inevitable that an assignment is not a conveyance of real estate requiring two witnesses and an acknowledgement under 27 V.S.A. § 342.

Platte Valley Funding, L.P., in its supplemental memorandum of law, has succinctly analyzed the purpose of an assignment and the effect of lack of recordation. As a result, the Court revisited *In re Vermont Fiberglass* and concluded that its holding was erroneous.

In contrast to *Vermont Fiberglass* see *In re Ivy Properties, Inc.,* 109 B.R. 10 (Bankr.D.Mass.1989) concluding that the assignment of debt carries with it the underlying mortgage, without necessity for granting or recording of separate mortgage assignments.

The original mortgage having been executed and recorded in accordance with Vermont statutes, the trustee has constructive notice of its existence. Since it remains unpaid, he is bound by the existence of the mortgage lien for the amount due and owing. It is not subject to avoidance.

### ORDER

Upon the foregoing, IT IS ORDERED:

1. The motion of Raymond J. Obuchowski, Esq., trustee, plaintiff, for summary judgment is denied.

2. The motion of Platte Valley Funding, L.P., defendant, for summary judgment is granted.