*Ciccotelli v. Deutsche Bank AG*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand seventeen.

PRESENT:
> **DEBRA ANN LIVINGSTON,**
> **DENNY CHIN,**
> *Circuit Judges,*
> **JOHN G. KOELTL,\***
> *District Judge.*

---

**Ernest J. Ciccotelli,**

> *Plaintiff - Appellant*,

v.                                                                                    16-1764

**Deutsche Bank AG, Deutsche Bank Americas Holding Corp., Deutsche Bank National Trust Co., As Trustee in trust for registered Holders of Long Beach Mortgage Loan Trust 2006-WL2 Asset Backed Certificates, Series 2006-WL2, Juergen Fitschen, Co-Chief Executive Officer, Deutsche Bank Americas, Anshu Jain, Co-Chief Executive**

**Officer, Deutsche Bank Americas,**

> *Defendants - Appellees,*

---

\* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

**Donna M. Milrod, Managing Director, Deutsche Bank Americas,**

     *Defendant.*

————————————————————————

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | ERNEST J. CICCOTELLI, pro se, Norwich, V.T. |
| **FOR DEFENDANTS-APPELLEES:** | PETER G. CALLAGHAN (Timothy D. Connolly, *on the brief*), Preti Flaherty Beliveau & Pachios LLP, Concord, N.H., Portland, M.E. |

Appeal from a judgment of the United States District Court for the District of Vermont (Sessions, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the May 4, 2016 judgment of the district court is **AFFIRMED**.

Appellant Ernest J. Ciccotelli, an attorney proceeding pro se, appeals the district court's dismissal of his complaint against the defendants. He claimed that because Deutsche Bank National Trust Company, as a trustee for a mortgage loan trust, failed to record the assignment of his mortgage, his title was "incurably clouded." His complaint sought damages and a declaratory judgment clearing the title on his property and discharging the mortgage. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Although pro se litigants, who generally lack "both legal training and experience," are usually accorded special solicitude, Ciccotelli does not fall within this general rule because "a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 101, 102 (2d Cir. 2010).

2

Ciccotelli's claims hinge on the idea that Deutsche Bank's failure to record the assignment rendered his title unmarketable. The Vermont Constitution requires that all "deeds and conveyances" be recorded, Vt. Const. ch. II, § 62, as does Vermont law, *see* 27 Vt. Stat. Ann. Tit. 27 § 341(a). But Ciccotelli cites no law defining an assignment of a mortgage as a conveyance that requires recording, let alone any case suggesting that failure to record is a form of fraud. Moreover, the legal authority discussed by Ciccotelli is, in fact, to the contrary. *See In re Briggs*, 186 B.R. 830, 833 (Bankr. D. Vt. 1995) ("[A]n assignment is not a conveyance of real estate . . . ."). Ciccotelli argues, in conclusory fashion, that Vermont is a "title theory" state. This proposition, however, does not necessarily help Ciccotelli. *See U.S. Bank Nat'l. Ass'n v. Ibanez*, 941 N.E.2d 40, 53 (Mass. 2011) (holding that in Massachusetts, another "title theory" state, a mortgage assignment need not "be in recordable form"). And Ciccotelli wholly fails to allege facts supporting his conclusory position that the absence of recordation has affected the marketability of his title.

We conclude that Ciccotelli has failed to state a claim. To the extent that Ciccotelli's brief raises arguments for the first time on appeal, we decline to review them. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976); *Harrison v. Republic of Sudan*, 838 F.3d 86, 98 (2d Cir. 2016). Accordingly, we **AFFIRM** the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3